335 So.2d 23 (1976)
Charles L. RIVENBARK, Appellant,
v.
Norine Deep RIVENBARK, Appellee.
No. Z-496.
District Court of Appeal of Florida, First District.
July 15, 1976.
*24 Robert A. Mick, of Henry & Buchanan, Tallahassee, for appellant.
Herbert T. Schwartz, of Schwartz & Dearing, Gainesville, for appellee.
SMITH, Judge.
The circuit court in Alachua County, the place of the wife's residence, declined to dismiss or transfer her marriage dissolution petition for improper venue. The husband urges on interlocutory appeal that his residence was in Gadsden County when she filed her petition; that the marriage was last intact and was broken in Bainbridge, Georgia, so that the cause of action did not arise in any Florida county; and therefore that the wife was not privileged to file her petition anywhere in Florida other than in Gadsden County, the place of his residence. Sec. 47.011, F.S. 1975; Carroll v. Carroll, 322 So.2d 53 (Fla.App.1st, 1975).
The wife left her husband and marital home in Bainbridge and moved to Gainesville, Alachua County, Florida. There, while satisfying Florida's six-month residency prerequisite for filing a dissolution petition (§ 61.021, F.S. 1975), she petitioned the circuit court to establish her custody of the parties' minor son and to fix the husband's responsibility for the child's financial support. Sec. 61.10, F.S. 1975. In the meantime, the husband moved from Bainbridge to Havana, Gadsden County, Florida.
Though it does not appear the husband objected to the wife's selection of Alachua County as the venue of her custody and support petition unconnected with dissolution, we recognized in Carroll the propriety of her choice. The child was with her in Gainesville. Carroll v. Carroll, 322 So.2d at 54 n. 1; Dones v. Green, 212 So.2d 919 (Fla.App.3d, 1968). When in time the wife's residency requirement was satisfied, she petitioned in Alachua County for dissolution of marriage, and the circuit court consolidated that proceeding with the still-pending custody action.
The trial court sustained venue of the dissolution petition in Alachua County on a showing that the husband rented and furnished an apartment in Gainesville, where he came for psychiatric counseling at the veterans' hospital and to seek reconciliation with his wife and companionship with his son, and that the wife had intercourse with him one afternoon at the apartment "in response to the Husband's attempted reconciliation of the marriage."
The husband's unilateral desire for reconciliation, never acquiesced in by the wife, and the parties' isolated sexual encounter at the Gainesville apartment are hardly proof of "a continuing union of partners who intended to remain [in Gainesville] and to remain married, indefinitely if not permanently." Carroll v. Carroll, 322 So.2d at 57. Cf. Smith v. Smith, 322 So.2d 580 (Fla.App.2d, 1975). This marriage was broken in Bainbridge, Georgia. There being no substantial competent evidence to support the wife's contention and the trial court's finding that the cause of action arose in Alachua County, the husband is entitled to insist on his statutory privilege to be sued in the county of his residence, Gadsden County.
The circuit court in Alachua County has a prior and proper claim on the issues, raised now by both the custody and dissolution petitions, concerning custody and support of the parties' minor son. Alachua County was previously and is still the proper venue for resolution of those issues. It would be an anomaly if the subsequent filing and necessary transfer of the dissolution petition should be held to detach the custody and support issues from Alachua County, where they arose and have been litigated. Irrespective, then, of whether the husband insists on his venue privilege when this cause is remanded, the petition for custody and support adjudication unconnected with dissolution will remain in Alachua County for disposition there, and insofar as its issues are also raised by the dissolution petition which is *25 transferable to Gadsden County, the dissolution proceeding will abate in deference to the prior pending action. See Cicero v. Paradis, 184 So.2d 212 (Fla.App.2d, 1966); Oyama v. Oyama, 138 Fla. 422, 189 So. 418 (1939).
REVERSED.
BOYER, C.J., and McCORD, J., concur.