343 So.2d 1326 (1977)
Norris H. BARR, Appellant,
v.
Ruth O. BARR, Appellee.
No. 76-2222.
District Court of Appeal of Florida, Third District.
March 29, 1977.
*1327 Weiss & McDonald, Hollywood, for appellant.
Sabatino & Doyle, Bay Harbor Island, for appellee.
Before NATHAN and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an interlocutory appeal by the husband, Norris H. Barr, from an order of the Dade County Circuit Court denying the husband's motion to transfer cause to Broward County Circuit Court, and finding that the Dade County Circuit Court has jurisdiction of the parties.
A petition for dissolution of marriage was filed by the wife, Ruth O. Barr, in Dade County Circuit Court. The husband was served in Broward County, and he proceeded to file a sworn "motion to dismiss and/or transfer for improper venue", stating that the parties were married in Hollywood, Broward County, Florida, on December 20, 1975; that in April of 1976, they separated, the separation being effectuated at Broward County; that when the marriage became irretrievably broken and at the time of the separation, the parties were living in Broward County; that at all times material, the husband was and is a bona fide resident of Broward County; that in accordance with Section 47.011, Florida Statutes, venue would only be proper in the Broward County Circuit Court; and that jurisdiction does not lie in Dade County.
The wife then filed an affidavit of domicile stating that at the time of the filing of the petition for dissolution of marriage, she was a resident of Dade County; and that she is and has been employed at Mount Sinai Medical Center in the recovery room, Miami Beach, Florida.
There was a hearing on the husband's "motion to dismiss and/or transfer for improper venue." The trial court entered its order denying the motion, and this interlocutory appeal ensued.
As held in Carroll v. Carroll, 322 So.2d 53, 57 (Fla. 1st DCA 1975), for purposes of Section 47.011, Florida Statutes (1975), which provides that,
"Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located... ." (emphasis supplied)
a cause of action for dissolution of marriage arises in the Florida county in which the parties were last present with a common intent to remain married. In our opinion, this holding is dispositive of the venue issue in this case, and we find that the only county in which venue is proper is Broward. See Winter v. Curtis, 311 So.2d 815 (Fla. 3d DCA 1975), and Auritt v. Auritt, 334 So.2d 68 (Fla. 3d DCA 1976).
Therefore, the trial court erred in denying the husband's motion to transfer to Broward County, and we reverse. This cause is remanded to the trial court with directions to enter an order transferring the action to the Circuit Court of Broward County as provided for by Rule 1.060, Fla.R. Civ.P.
Reversed and remanded.