368 So.2d 386 (1979)
Sally A. WEINSCHEL, Appellant,
v.
Bruno O. WEINSCHEL, Appellee.
No. 78-1228.
District Court of Appeal of Florida, Third District.
February 20, 1979.
Rehearing Denied March 30, 1979.
Smathers & Thompson and Keith E. Hope, Miami, for appellant.
*387 Koeppel, Stark & Newmark and Robert L. Koeppel, Miami, for appellee.
Before BARKDULL and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is an action for marriage dissolution and a counterclaim by the wife for separate maintenance brought in the Circuit Court for the Eleventh Judicial Circuit of Florida. The trial court dismissed both actions. The wife appeals the dismissal of the counterclaim.
The central issue presented for review is whether it is essential to an action for separate maintenance under Section 61.09, Florida Statutes (1977), that (a) the marital domicile of the parties be in Florida, and (b) the parties be separated due to the fault of the party against whom the suit is brought. We hold that neither of the above is an essential prerequisite to an action for separate maintenance under Section 61.09, Florida Statutes (1977), and reverse.
The facts pertaining to the above issue are as follows. The husband Bruno O. Weinschel filed a petition for dissolution of marriage against his wife Sally A. Weinschel in the Circuit Court for the Eleventh Judicial Circuit of Florida. He alleged in his petition that the marriage of the parties was irretrievably broken and prayed that the court dissolve the marriage, award the husband custody of the parties' two minor children, and partition the parties' jointly held real property. The wife filed an answer alleging that the marriage was not irretrievably broken and that the husband lacked the jurisdictional requirement of six months residency in Florida to bring the instant action. In addition, the wife filed a counterclaim for separate maintenance in which she sought alimony as well as custody and support of the parties' two minor children unconnected with a marriage dissolution. The trial court took testimony as to the husband's alleged Florida residency and thereafter dismissed the petition for marriage dissolution on the ground that the husband was a resident of Maryland and had not met the six month Florida residency requirement. § 61.021, Fla. Stat. (1977). No appeal was taken from this dismissal.
The trial court also took extensive testimony as to its jurisdiction to entertain the wife's counterclaim. The trial court thereafter entered a written order in which it determined that (a) the marital domicile of the parties was in Maryland, and (b) the wife without good and sufficient cause had abandoned the husband in Maryland and took up an independent residence at Key Biscayne, Florida. Based on these findings, the trial court dismissed the wife's separate maintenance action without reaching the merits thereof. The wife appeals.
It is the established law of this state that Florida courts have jurisdiction to entertain a separate maintenance action under Section 61.09, Florida Statutes (1977), for alimony and child support unconnected with marriage dissolution brought by a non-resident of Florida who is temporarily in this state. Residency in Florida by either party to the proceeding is not required in order to bring such a separate maintenance action. A contrary rule would make public charges out of non-resident spouses and children in this state when the respective providing spouse refuses to support them. For purposes of a separate maintenance action, it is therefore irrelevant where the parties permanently reside or where there marital domicile is located. Tinsley v. Tinsley, 125 So.2d 553 (Fla. 1960); Martin v. Martin, 128 So.2d 386 (Fla. 1961); Schwenk v. Schwenk, 159 Fla. 694, 32 So.2d 734 (1947); Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870 (1941); State ex rel. Ferre v. Kehoe, 179 So.2d 403 (Fla. 3d DCA 1965).
Moreover, it is clear that there are no fault prerequisites to an award of alimony or child support apart from marriage dissolution in a separate maintenance action brought under Section 61.09, Florida Statutes (1977). The above statute provides as follows:
"If a person having the ability to contribute to the maintenance of his or her spouse and support of his or her minor *388 children fails to do so, the spouse who is not receiving support or who has custody of the children may petition the court for alimony and for support for minor children without petitioning for dissolution of marriage, and the court shall enter such order as it deems just and proper." § 61.09, Fla. Stat. (1977).
As such, it is not essential to an action under this statute that the parties be separated due to the fault of the party against whom the suit is brought. This represents a departure from heretofore prevailing Florida law on the subject. Compare § 61.09 Fla. Stat. (1969).
In the instant case, the trial court committed reversible error in dismissing the wife's counterclaim for separate maintenance based on findings that the parties' marital domicile was in Maryland and that the wife had abandoned the husband in Maryland to come to Florida. Neither finding precludes the wife from bringing this action nor divests the trial court of jurisdiction to entertain the action. Regardless of who caused the unhappy separation of the parties in this case, the fact remains that the wife and children herein could become public charges in Florida unless the husband is required to support them. While Florida courts cannot disturb the parties' marriage herein, it can require the husband to adequately support his wife and children while they remain in this state. The order under review is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.