HUBBART, Judge.
The central issue presented for review is whether the venue for a separate maintenance action unconnected with marriage dissolution under Section 61.09, Florida Statutes (1979), [when brought against a Florida resident], may be laid in the county where the petitioner or the parties’ minor children are physically present and denied *1102 support. We hold that venue for such action does lie in such county under Section 47.011, Florida Statutes (1979), as the cause of action accrues therein when the respondent declines to support the petitioner or the parties’ minor children in the subject county. We, accordingly, reverse that portion of the order under review which transfers the venue of this cause to Lee County, Florida.
I
The facts of this case are undisputed. On December 14,1979, the appellant wife [Rose C. Friedman] filed a petition for separate maintenance unconnected with marriage dissolution against the appellee husband [Gilbert W. Friedman] urider Section 61.09, Florida Statutes (1979), in the Circuit Court for the Eleventh Judicial Circuit of Florida in and for Dade County, Florida. The wife prayed that the court award her alimony, child support and other separate maintenance requests unconnected with a marriage dissolution. The wife also filed a declaration of domicile stating that she presently resided at 9981 S.W. 16 Street, Miami, Dade County, Florida. The petition for separate maintenance alleged that the wife had previously resided with her husband in Ft. Myers, Lee County, Florida, until December 1979, that the wife thereafter came to Dade County, Florida and set up a separate residence and that the husband has failed and refused to support his wife and minor child in Dade County, Florida.
The husband through counsel made a motion for change of venue alleging that the parties had lived together as man and wife in Lee County, Florida, more or less, continuously from 1963 until the wife decided to leave for Dade County, Florida in December 1979, that the husband’s residence is in Lee County, Florida, that the marital domicile of the parties is in Lee County, Florida, and. that the cause of action sued upon accrued in Lee County, Florida. Upon proper notice of hearing, the trial court on January 3, 1980, . entered an order of temporary support for the wife [prayed for by separate motion] and transferred the venue of this cause to Lee County, Florida, but only upon the condition that the temporary support previously ordered is in fact paid to the wife. The wife appeals that portion of the order which transfers the venue of the cause.
II
It is the established law of this state that “(a)ctions [against Florida residents] shall be brought only in the county where the defendant resides, where the cause of action accrues or where the property in litigation is located.” § 47.011, Fla. Stat. (1979). A cause of action for marriage dissolution [§ 61.052, Fla.Stat. (1979)] accrues in the Florida county in which the parties were last present with a common intent to remain married, and, accordingly, the venue for such action against a Florida resident may be laid in such county. Barr v. Barr, 343 So.2d 1326 (Fla. 3d DCA 1977); Carroll v. Carroll, 322 So.2d 53, 57 (Fla. 1st DCA 1975). A different rule prevails, however, with reference to an action for separate maintenance unconnected with marriage dissolution under Section 61.09, Florida Statutes (1979). Such a cause of action accrues in the county in which the petitioner or the parties’ minor child is physically present and refused support therein by the supporting spouse, and, accordingly, the venue for such action against a Florida resident may be laid in such county. Rivenbark v. Rivenbark, 335 So.2d 23 (Fla. 1st DCA 1976). Indeed, the law is well-settled that “(f)or purposes of a separate maintenance action, it is . . . irrelevant where the parties permanently reside or where their marital domicile is located.” Weinschel v. Weinschel, 368 So.2d 386, 387 (Fla. 3d DCA 1979).
In the instant case, we deal with an action brought by a wife for separate maintenance unconnected with marriage dissolution under Section 61.09, Florida Statutes (1979), against a respondent husband who is a resident of the state of Florida. It is undisputed that the wife removed herself from Lee County, Florida where she had *1103 lived almost continuously with the respondent husband since 1963, that the wife came to Dade County, Florida, in December, 1979, where she set up a separate residence, and that the wife was thereafter refused support from the respondent husband for herself and their minor child. As such, it is clear that the separate maintenance action accrued in Dade County, Florida, and that the venue of this cause was properly laid in such county against the husband as a Florida resident. A different result would obtain, however, had the wife filed a petition for dissolution of marriage in Dade County, as clearly, venue would only lie for such action in Lee County, Florida.
The order under review is reversed insofar as it transfers the venue of this cause to Lee County, Florida. In all other respects, the order under review is affirmed.
Affirmed in part; reversed in part.