ON MOTION FOR REHEARING
PER CURIAM.
The husband has filed a motion for rehearing in this cause in which he correctly points out that on February 22, 1979, the wife herein filed a petition for dissolution of marriage in the Circuit Court for- the Eleventh Judicial Circuit of Florida. On December 14, 1979, the wife also filed the instant separate maintenance action. On March 17, 1980, the trial court properly transferred the venue of the marriage dissolution action to the Circuit Court in Lee County, Florida. No appeal has been taken from this order. •
The above additional facts do not, in our view, change the substance of our disposition of this appeal. Based on the authorities and analysis stated in our main opinion, we still conclude that the trial court committed reversible error in transferring the venue of the separate maintenance action to the Circuit Court in Lee County, Florida. The filing of the prior marriage dissolution action and the subsequent transfer of the venue thereof does not change this result.
Still, we believe the husband is correct in his contention that so long as the marriage dissolution action pends before the Circuit Court in Lee County, Florida, the separate maintenance action in Dade County, Florida, should be abated. Rivenbark v. Rivenbark, 335 So.2d 23 (Fla. 1st DCA 1976). We, accordingly, grant the husband’s motion for rehearing and modify our reversal herein to require the trial court upon remand to abate the instant separate maintenance action so long as the marriage dissolution action herein pends before the Circuit Court in Lee County, Florida.