WALDEN, Judge.
The essential issue in this appeal is whether the order incarcerating appellant for civil contempt on account of his refusal to pay alimony is void because it neither recites that appellant’s contempt was wilful and that he had the power to pay nor does it provide for purging.
As to the first aspect, Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976), provides:
Under the most respectable authority on contempt that we have been able to find, a “process” contempt commitment for refusing to obey an order of court must be based on an affirmative finding that it is within the power of the defendant to obey the order, and such finding must be made to appear on the face of the order of commitment, else it is void. Ex parte Cohen, 6 Cal. 318; Repalje on Contempt, par. 129.
Here the committal order did not recite the requisite finding. However, here, different from Faircloth, the services of a General Master were employed to take the testimony and his report specifically found:
(1)
(c) The defendant presently has the ability to comply with the Order and willfully refuses to do so or previously had the ability to comply but divested himself through his fault or neglect designated to frustrate the intent and purpose of the order.
Thereafter the Circuit Judge overruled appellant’s Exceptions and ratified and approved the Master’s Report. It is our opinion that while it would be perhaps better form for the Circuit Judge in such cases to repeat and recite the finding mandated by *1055 Faircloth in the order of commitment,[1] we deem it not to be reversible error to fail to do so under the circumstances of this ease. We hold that the Faircloth finding was made based on testimony, approved by the Circuit Judge, and sufficiently memorialized in the official records.
As to the second aspect, that being the failure to provide purging provisions in the order of commitment, Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979), provides the correct rationale for requiring such provisions:
In order for the contemnor truly to “carry the key to his prison in his own pocket,” see Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla.1956), it is required that the order which authorizes his imprisonment, in this case, the order of commitment, itself show the means by which that key can be utilized. It is hardly appropriate to compel his jailer to investigate the contents of prior orders in the case in order to determine that the prisoner, by having purged himself of contempt, has become entitled to release.
(At 467.)
We hold that the committal order must contain the specifics whereby appellant may. purge himself of contempt and obtain his release from confinement.
We affirm and remand with instructions to add the terms whereby appellant may purge himself of contempt to the order of commitment.
Affirmed and remanded with instructions.
BERANEK and HERSEY, JJ., concur.

. Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979).