430 So.2d 521 (1983)
Richard D. SMITH, Appellant,
v.
Jacqueline B. SMITH, Appellee.
No. 82-1819.
District Court of Appeal of Florida, Second District.
April 22, 1983.
William W. Douglas, St. Petersburg, for appellant.
No appearance for appellee.
HOBSON, Acting Chief Judge.
Richard D. Smith (husband) appeals 1) an interlocutory order denying his motion to transfer for improper venue; and 2) a final order adjudging him in contempt for failure to pay child support. We reverse both orders and remand.
Jacqueline B. Smith (wife) filed a petition for dissolution of marriage in the Hillsborough County Circuit Court on June 22, 1982. The husband was served in Pinellas County with the petition and a notice of hearing. At the hearing on June 28, 1982, the husband objected to venue. Nevertheless, the court proceeded with the hearing and ultimately rendered a temporary order which awarded the wife temporary custody of the parties' minor child, ordered the husband to pay $125 a week in temporary child support, and granted the wife exclusive use of the marital home.
The day of the hearing the husband filed a motion to transfer the cause of the Pinellas *522 County Circuit Court, asserting that venue in Hillsborough County was improper under section 47.011, Florida Statutes (1981). He stated in the motion and in an attached affidavit that the parties were married in Pinellas County; that the husband was a resident of Pinellas County; that the parties' sole real and personal property interests were in Pinellas County; that the parties last lived together with the intent of remaining husband and wife in Pinellas County; and that the marriage became irretrievably broken in Pinellas County.
The wife filed a motion for contempt on July 15, 1982, contending that the husband was failing to pay child support. The husband filed a response, stating that the amount of support ordered by the court was approximately 64% of his present income and that he lacked the ability to pay this amount.
A hearing on the wife's motion for contempt was held on July 27, 1982. The court rendered an order adjudging the husband in contempt, stating in relevant part:
1. That the Respondent is hereby found in contempt of this Court for failure to pay child support as heretofore ordered by this Honorable Court.
2. That the Respondent is hereby sentenced to the Hillsborough County Jail for a period of 10 days. Respondent may purge himself of said contempt by the payment of $250.00 towards the arrearages.
On August 4, 1982, a hearing was held on the husband's motion to transfer the cause for improper venue.[1] The court entered an order denying the motion, finding that
although it would be inconvenient for both parties to travel to the County away from their residence, ... the greater hardship and financial burden would be placed on the Wife to have this action transferred because of the time and travel expenses of herself and minor child; and ... the Wife was required to abandon her home in Pinellas County following the failure of the Husband to make timely mortgage payments, utilities service payments, and child support payments; and [there is] the prospective loss of the Wife's automobile due to the Husband's failure to make timely child support payments; and ... there is substantial inconvenience or likelihood of injustice to the Wife if this action were transferred; ... .
Two issues present themselves on appeal: first, whether the order denying the husband's motion to transfer for improper venue is erroneous; and second, whether the order adjudging the husband in contempt is void.
Section 47.011, Florida Statutes (1981), reads:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. (Emphasis added)
The husband indicated in his sworn affidavit that he resides in Pinellas County and that all of the parties' property is located in Pinellas County. The only question is where the cause of action accrued. In order to determine where a cause of action accrued in a marriage dissolution case, the trial court is required to look to the single county where the parties last lived with a common intent to remain married. Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975), affirmed 341 So.2d 771 (Fla. 1977). See also Hoskins v. Hoskins, 363 So.2d 179 (Fla. 4th DCA 1978); Barr v. Barr, 343 So.2d 1326 (Fla. 3d DCA 1977). In our opinion, Carroll is dispositive of the venue issue in this case. The husband stated in his affidavit that the parties last lived together in Pinellas County with the intent of remaining married in Pinellas County. He also asserted in his affidavit that the marriage became irretrievably broken in Pinellas County. Moreover, at the June 28, 1982, hearing, the wife testified that she moved out of the marital home in Pinellas County because the husband wanted to get a divorce. Thus, the only county in which *523 venue is proper is Pinellas County. The reasons enunciated by the trial court for bringing the action in Hillsborough County are irrelevant under Florida law.
The remaining issue is whether the trial court's contempt order is void. In Ratner v. Ratner, 297 So.2d 344, 345-46 (Fla. 3d DCA 1974), the Third District Court of Appeal, relying on the Supreme Court of Florida's decision in State ex rel. Trezevant v. McLeod, 126 Fla. 229, 170 So. 735 (1936), stated:
It is well established that a contempt order for refusing to obey an order of the court must be based on an affirmative finding that it is within the power of the defendant to obey the order and such finding must be made to appear on the face of the order of commitment, else it is void. (Emphasis added)
See also Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979); Adams v. Adams, 357 So.2d 264 (Fla. 3d DCA 1978). The face of the contempt order in this case does not reflect a finding of the husband's financial ability to pay. Thus, the order is void.
We note that the Fourth District Court of Appeal recently upheld a contempt committal order which failed to recite on its face that the defendant had the present ability to comply with the order of the court and that he willfully refused to do so. Small v. Small, 422 So.2d 1054, 1055 (Fla. 4th DCA 1982). However, Small is distinguishable. There, the trial court ratified and approved a general master's report which specifically found that the defendant had the present ability to comply with the order and that he willfully refused to do so. Here, in contrast, there was no general master's report which was ratified and approved by the trial court.[2]
For the foregoing reasons, we reverse the orders holding the husband in contempt and denying his motion to transfer for improper venue and remand with directions that the case be transferred to the Pinellas County Circuit Court.
REVERSED and REMANDED.
LEHAN, J., concurs.
SCHOONOVER, J., concurs in result only.
NOTES
[1] A transcript of the hearing is not in the record on appeal.
[2] We are not prepared to say whether we would be inclined to follow the rationale of the court in Small v. Small, 422 So.2d 1054, 1055 (Fla. 4th DCA 1982).