PER CURIAM.
We have reviewed the trial court’s order finding appellant in contempt for willful failure to pay child support, terminating appellant’s visitation rights with the parties’ two children, and refusing appellant’s request to modify child support obligations and establish visitation rights.
Appellant’s chief complaint on appeal concerns the trial court’s termination *1111 of visitation rights and its refusal to establish visitation rights. Of course, trial courts have broad discretion in matters of custody and visitation rights. Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975). Since the record reveals substantial competent evidence to support the court’s order terminating visitation rights, we affirm on that issue. Shaw v. Shaw, 334 So.2d 13 (Fla.1976). Likewise, there is substantial competent evidence to support the court’s refusal to modify appellant’s child support obligations. Our ruling, however, is without prejudice to appellant petitioning the trial court to establish visitation rights or modify child support obligations based on a showing of a change in circumstances subsequent to entry of the trial court’s final order.
Finally, we agree with appellee that the evidence supports the court’s finding that appellant has failed to pay the child support required. However, the portion of the order finding appellant in contempt is defective, because it fails to recite the precise amount of child support and mortgage payments due.
Accordingly, we vacate that portion of the order finding appellant in contempt and remand with directions that the trial court determine the precise amount of payments for which appellant has failed to pay. Before issuing any order of commitment, the court must first comply with the mandates of Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976). See also Smith v. Smith, 430 So.2d 521 (Fla. 2d DCA 1983).
OTT, C.J., and SCHEB and SCHOON-OVER, JJ., concur.