CAMPBELL, Acting Chief Judge.
Appellant, Charles Forrest Thames, seeks review of the order denying his motion for change of venue in a dissolution of marriage action. We reverse.
The parties were married on April 4, 1979. According to appellant’s uncontro-verted affidavit, the parties established their marital residence in Alachua County, Florida on July 15,1982. On or about June 22, 1983, appellee, Linda Thames, moved from the marital residence in Alachua County, Florida. Appellant continued to reside in the marital home in Alachua County, Florida. On June 27, 1983, appel-lee filed a petition for dissolution of marriage and other relief in Pinellas County, Florida.
On July 7, 1983, appellant filed a motion for change of venue. The motion was denied and this appeal followed.
Appellant argues that Pinellas County, Florida was not the proper forum for this dissolution of marriage action because the marriage was broken in Alachua County, Florida. We agree.
Section 47.011, Florida Statutes (1981), provides that actions may be brought in the county where the defendant resides, where the property in litigation is located, or where the cause of action arises. In Smith v. Smith, 430 So.2d 521 (Fla. 2d DCA 1983), this court held that in a dissolution of marriage action, the cause of action arises in the county where the parties were last present with the common intent to remain married. Smith citing Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975), affirmed 341 So.2d 771 (Fla.1977).
There is no property in litigation in this cause. Appellant’s sworn affidavit indicates that he continues to reside in Alachua County, Florida. Thus, the remaining basis for venue is where the cause of action arose. Again, according to appellant’s un-controverted affidavit, the last county where both parties were present with the common intent to remain married was Ala-chua County, Florida. Therefore, on the basis of Smith, venue is proper in Alachua County, Florida, not Pinellas County, Florida.
For these reasons, we reverse the trial court and remand the case for transfer to Alachua County, Florida.
SCHOONOVER and LEHAN, JJ., concur.