SHIVERS, Chief Judge.
Appellant, respondent in a dissolution of marriage proceeding filed by appellee, appeals from an order of the trial court denying her motion to change venue. We affirm, for the reasons set out below.
The record on appeal indicates that ap-pellee originally filed a petition for dissolution of marriage in Orange County, Florida, in July of 1987. Both at that time, and when the instant appeal was filed, appellee was serving a 25-year term of incarceration at Union County Correctional Institute. Appellant/respondent filed an answer to the petition for dissolution, and appellee thereafter filed several other pleadings, including two petitions for writ of mandamus demanding that the trial court take immediate action on his petition.
In July of 1988, the trial court wrote a letter to appellee, stating that it was not the responsibility of Orange County taxpayers to transport him from Union County to Orange County for a civil proceeding, and advising appellant to either voluntarily dismiss the case or to move to transfer to a “more appropriate forum.” Accordingly, appellee filed a motion to transfer venue to Union County, several days after receiving the trial court’s letter. Although a copy of appellee’s motion was sent to appellant’s attorney, no response was filed and, on August 4, 1988, the trial court granted appellee’s motion and transferred the case to Union County. A copy of the transfer order was also sent to appellant’s attorney, however, no interlocutory appeal was taken therefrom. Instead, appellant waited until December 15, 1988 — more than four months after the case was transferred to Union County — and then filed a motion to transfer the case back to Orange County, alleging that the original transfer had been improper. The trial court found that venue was indeed proper in Orange County rather than Union County, but denied appellant’s motion on the basis that the court had no authority to transfer the ease back to Orange County.
Appellant has now filed an interlocutory appeal with this court, arguing that the trial court in Union County erroneously denied her motion for change of venue. We affirm, on the basis that appellant’s failure to appeal from the original order transferring venue from Orange County to Union County constituted a waiver of her right to complain at this time that the transfer was erroneous. Wife could have appealed the nonfinal order of the circuit court in Orange County, pursuant to Rule 9.130(a)(3)(A), Fla.R.App.P. Instead, appellant chose to raise the issue of the original transfer from Orange County to Union County in a separate motion to transfer, filed more than four months later.
We note that our affirmance in the instant case does not bar appellant from seeking review of the venue issue after final disposition of the case in the trial court. Rule 9.130(g), Fla.R.App.P. See Longo v. Longo, 515 So.2d 1013 (Fla. 1st *1331 DCA 1987). Accordingly, the order of the trial court in Union County, denying appellant’s motion to change venue, is hereby affirmed.
ERVIN and NIMMONS, JJ., concur.