648 So.2d 814 (1995)
Kristy Lynn GRAHAM, Appellant,
v.
Robert Earl GRAHAM, Appellee.
No. 94-1186.
District Court of Appeal of Florida, Fourth District.
January 4, 1995.
George S. Berwig of Thomas T. Grimmett, P.A., Fort Lauderdale, for appellant.
Phillip S. Smith and Susan A. Balmer of McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for appellee.
PARIENTE, Judge.
The central issue presented by this non-final appeal is whether the trial court properly transferred a petition for alimony unconnected with marriage from Broward County to Sumter County, the venue of a previously filed petition for dissolution of marriage. Although the trial court could have abated the wife's separate maintenance action pending disposition of the dissolution action, we reverse the trial court's order transferring the separate maintenance action based on improper venue.
Appellant, Kristy Lynn White (wife), and Robert Earl Graham (husband) were married on March 20, 1992 in Broward County, but maintained their marital residence in Sumter County. Since December of 1993, the wife has resided in Broward County. The husband continued to reside in Sumter County. The husband filed a petition for dissolution of marriage in Sumter County in January of 1994 and thereafter on February 1, 1994, the wife filed her petition for alimony unconnected with dissolution of marriage, pursuant to section 61.09, Florida Statutes (1993), in Broward County. In connection with that action, the wife also filed a motion for temporary support and a motion for restraining order. The wife filed an answer to the husband's *815 petition for dissolution in Sumter County, and also filed a counter-petition for dissolution of marriage in the Sumter County action, requesting alimony, child custody and child support  the same relief sought in her separate Broward County action.
In the Broward County separate maintenance action, the husband filed a motion to abate and/or dismiss and to transfer for improper venue. Although in his motion the husband argued that abatement and/or dismissal was appropriate, the relief sought by the husband and granted by the court was transfer  not abatement. In granting the motion to transfer, the trial court concluded that it lacked jurisdiction over the wife's petition for alimony because the same issue regarding spousal support was pending in the Sumter County action. At the same time, prior to transferring the action, the court found that it did possess jurisdiction to award temporary child support based on the wife's Broward County residence pursuant to section 61.10, Florida Statutes (1993).
While Sumter County was the proper venue for the dissolution action, see Brown v. Brown, 592 So.2d 325 (Fla. 4th DCA 1992), Broward County, as the residence of the wife, was also a proper venue for the action for separate maintenance. See Friedman v. Friedman, 383 So.2d 1100 (Fla. 3d DCA 1980). A cause of action for separate maintenance unconnected with marriage accrues in the county where the petitioner or the child is residing and where the petitioner is refused support by the spouse. Id.
In Weinschel v. Weinschel, 368 So.2d 386, 387 (Fla. 3d DCA 1979), the court held that "[f]or purposes of a separate maintenance action, it is therefore irrelevant where the parties permanently reside or where the marital domicile is located." The rationale for this rule, as explained in Weinschel, is to prevent making public charges out of non-resident spouses and children who are temporarily in this state. In Weinschel, the issue was not the propriety of venue within two counties in this state, but whether a temporary resident of this state must comply with the jurisdictional prerequisites of residency for dissolution actions when filing a separate maintenance action unconnected with dissolution.
However, where a previously filed petition for dissolution of marriage action has been properly filed in another county or state, principles of priority, comity as well as "wisdom and justice, to prevent ... unnecessary litigation, [and] to prevent a multiplicity of [law] suits" support abatement of the latter filed action. See Bedingfield v. Bedingfield, 417 So.2d 1047, 1050 (Fla. 4th DCA 1982), pet. for review dismissed, 427 So.2d 736 (Fla. 1983), citing Simmons v. Superior Court, 96 Cal. App.2d 119, 214 P.2d 844, 849 (Dist.Ct.App. 1950); Friedman; Rivenbark v. Rivenbark, 335 So.2d 23 (Fla. 1st DCA 1976). The question we must decide is whether the trial court erred when it did not abate the latter filed action or dismiss it, but instead transferred the latter filed action to the venue of the pending dissolution action, where the identical issues will be litigated.
Section 47.011, Florida Statutes (1993), governs venue choices. It provides:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against non-residents.
Section 47.122, Florida Statutes (1993), entitled "Change of venue; convenience of parties or witnesses or in the interest of justice," provides:
For the convenience of the parties or witnesses or the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
The trial court may have envisioned that Sumter County would be a more convenient forum pursuant to section 47.122, because it found that "all of the evidence concerning issues of alimony, property distribution and child support" was located there. However, the husband did not move for transfer on that basis and the court did not consider the applicability of forum non conveniens in its ruling. A transfer of venue based on convenience is improper where no affidavits or other sworn proof support the *816 motion. See Gallagher v. Smith, 517 So.2d 744, 747 (Fla. 4th DCA 1987); see also Bassett v. Talquin Electric Cooperative, Inc., 362 So.2d 357, 359-60 (Fla. 1st DCA 1978).
On the propriety of abatement, in Bedingfield, our court held that a subsequently filed Florida divorce action should be stayed where the prior Georgia divorce action would of necessity determine the same issues. To allow the Florida divorce action to proceed would only cause unnecessary and duplicitous litigation and be oppressive to both parties. Bedingfield, 417 So.2d at 1050. We acknowledged that "where courts within one sovereignty have concurrent jurisdiction, the court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed with that case," based on the "principle of priority." Id.
We believe that justice requires the principle of priority to apply and govern the result on the motion to stay. Here, it seems clear that the pending Georgia divorce action, which of necessity will determine the children's custody, is the proper forum for the resolution of the entire case. To fail to stay the wife's Florida divorce action will only cause unnecessary and duplicitous lawsuits. It would be oppressive to both parties.
Id.
Florida recognizes this principle of priority or comity where actions involving the same parties and subject matter are pending concurrently in two different states or pending concurrently in state and federal courts. Id. Thus, in those instances abatement is proper. In Bedingfield, transfer was not an option because the two actions were pending in different states.
In Friedman, the dissolution action had been transferred to Lee County and the separate maintenance action filed by the wife was pending in Dade County, the place of the wife's residence. The third district reversed the trial court's order transferring the venue of the separate maintenance action to Lee County, even though the wife's prior dissolution action had been properly transferred there. Friedman did not address the issue of whether a change of venue would have been proper pursuant to section 47.122, presumably because the parties did not seek transfer on that basis.[1]
Although Broward County was a proper venue choice for the separate maintenance action, Sumter County, the place of the husband's residence, also would have been a proper venue choice. The trial court had discretion, pursuant to section 47.122, to transfer this action to Sumter County, provided that the prerequisites for invoking that statute and the case law interpreting it were met.[2] Otherwise, the trial court should have abated the action; it properly did not proceed to litigate the issues also being litigated in the earlier filed dissolution action. This result is consistent with the principle set forth in Evans v. Evans, 141 Fla. 860, 865, 194 So. 215, 217 (Fla. 1940), where the supreme court stated that the separate suit for maintenance filed by the wife in a county other than the county where the divorce was proceeding "can be more practically and expeditiously adjudicated in a suit for divorce if one be, at the time, pending, and that proper practice dictates that such procedure should be followed." Id. at 217.
Accordingly we reverse the order of transfer because Broward County was not the wrong or improper forum, and remand for the entry of an order of abatement or alternatively *817 for consideration of transfer pursuant to section 47.122.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Friedman cites Rivenbark as authority for abatement. Rivenbark in turn cites Cicero v. Paradis, 184 So.2d 212 (Fla. 2d DCA 1966) and Oyama v. Oyama, 138 Fla. 422, 189 So. 418 (Fla. 1939), cases which preceded the 1969 legislative enactment of section 47.122. Prior to the legislative enactment, courts had no authority to transfer based on forum non conveniens where the original venue was otherwise proper.
[2] A change of venue which would merely shift the inconvenience from the defendant to the plaintiff is not proper. Gallagher v. Smith, 517 So.2d 744, 747 (Fla. 4th DCA 1987); Kuvin, Klingensmith & Lewis, P.A. v. Florida Insur. Guaranty Assoc., Inc., 371 So.2d 214, 217-18 (Fla. 3d DCA 1979). The plaintiff's venue choice is presumptively correct and defendant bears the burden to prove that a trial in the county in which the action was filed would work a substantial inconvenience to it, and to witnesses. Houchins v. Florida East Coast Ry. Co., 388 So.2d 1287, 1290 (Fla. 3d DCA 1980); See also Barry Cook Ford, Inc. v. Ford Motor Co., 571 So.2d 61 (Fla. 1st DCA 1990).