CAMPBELL, Acting Chief Judge.
The husband challenges the nonfinal order of the trial court denying his motion to transfer venue or abate this dissolution of marriage action. We reverse.
The parties were married on June 28, 1997, in Polk County, Florida. On June 17, 1999, the wife filed a petition for dissolution of marriage in Hillsborough County asserting that the parties last resided together as husband and vrafe at 5317 Wood Road in Lithia, Florida. The husband failed to respond in a timely manner to the petition and a default was entered against him. The husband then moved to set aside the default and transfer venue or abate the dissolution action for improper venue. He argued that although the town of Lithia is located in Hillsborough County, the marital home was situated in Polk County.
The parties stipulated to set aside the default and allow the husband to respond to the dissolution petition. At the hearing on the husband’s motion to transfer venue or abate the action, the trial court heard testimony from both parties that the home in which they resided before their separation was located in Polk County, even though it had a Hillsborough County mailing address. The wife acknowledged her mistake in filing the action in Hillsborough County and did not object to a transfer to Polk County. The trial court found that the action was properly filed in Hillsbor-ough County because the wife resided in that county. We disagree.
In Smith v. Smith, 430 So.2d 521 (Fla. 2d DCA 1983), this court held that in a dissolution of marriage action, the cause of action arises in the county where the parties were last present with the common intent to remain married. Smith, citing Carroll v. Carroll, 322 So.2d 53 (Fla. 1st DCA 1975). It is clear from the record in the instant case, that the last county where both parties were present with the common intent to remain married was Polk County, Florida. Therefore, the trial court’s order denying the husband’s motion to transfer the action from Hillsbor-ough County to-Polk County was improper.
Reversed and remanded.
BLUE and SALCINES, JJ., Concur.