NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH C. VALENTE,                          )
                                            )
                Appellant/Cross-Appellee,   )
                                            )
v.                                          )    Case No. 2D12-3007
                                            )
THERESA BARION,                             )
                                            )
                Appellee/Cross-Appellant.   )
                                            )

Opinion filed September 12, 2014.

Appeal from the Circuit Court for Manatee
County; Marc B. Gilner, Judge.

Cynthia L. Greene of Greene Smith &
Associates, P.A., Miami, for
Appellant/Cross-Appellee.

Marcia J. Lockwood of Lockwood Law
Group, Sarasota, for Appellee/Cross-
Appellant.


ALTENBERND, Judge.

        Joseph C. Valente appeals the final judgment of dissolution of his

marriage to Theresa Barion.  She cross appeals the judgment.  We affirm the

dissolution but reverse the final judgment's award of alimony to Ms. Barion and remand

with special instructions.

The trial court awarded Ms. Barion permanent alimony in dissolving this twelve-year marriage. This decision was based, in large part, upon the health and employment status of the parties. In making this award of support, the trial court did not make the correct finding required by subsection 61.08(8), Florida Statutes (2011), to support the use of permanent alimony. The record at least suggests that durational alimony may be appropriate under the facts of this case. The evidence at trial strongly suggested that Ms. Barion's health and employment status were likely to improve in the two years following the entry of the judgment. Due to extensions granted during this appeal, it has now been more than two years since the entry of the judgment.

The amount of the alimony award was $5000 per month. This award of permanent alimony appears to have been based on the wife's financial affidavit that included substantial expenses for the marital home, which was required to be sold under the terms of the judgment. At oral argument the parties confirmed that the house already had been sold.

On remand, the court must determine whether durational or permanent alimony is appropriate and then determine the amount of that support. The court may update the evidence to determine both the type of alimony and the amount of alimony to be awarded.

The trial court also denied Ms. Barion's request for attorney's fees and retroactive alimony, in part, because of the award of permanent alimony. Accordingly, the trial court is authorized to revisit these issues on remand as necessary. Finally, although we are optimistic that the trial court can fashion an appropriate judgment without altering the equitable distribution in the judgment on appeal, on remand the

court is authorized to revisit these other economic aspects of the final judgment if that is essential to a proper resolution of the issues.

## I. THE FACTS

This couple married in 1999. Mr. Valente was a lieutenant in the New York City Police Department, and Ms. Barion worked for a financial services company in New York City. Following the collapse of the twin towers on September 11, 2001, the parties' marriage began to deteriorate. Mr. Valente was on sick leave when the towers collapsed, but he was nevertheless deployed to Ground Zero. He worked extensive hours at the site over the next six months. The experience resulted in physical health issues and major depression. By 2007, he was classified as retired on full disability pension. Fortunately, his disability pension and other disability benefits have provided Mr. Valente with an annual income in excess of $125,000.

Ms. Barion received no physical injuries on September 11, but the emotional and economic aftermath of those events left her struggling as well. She lost her well-paying job. She concluded that the couple should move from their Staten Island home and make a new start in Manatee County, where she had relatives. In 2007, the couple, both in their late thirties and without children, sold their home and moved to Florida, where they purchased a new marital home.

Mr. Valente had no friends in Florida and missed New York. Perhaps due to his depression, he made many poor financial choices. Ultimately, in May 2011, Ms. Barion filed for dissolution of marriage. Mr. Valente returned to New York.

Without detailing the evidence, in the period after 2001, Ms. Barion suffered from psychological and physical issues that limited her employability and

increased her expenses. The evidence did not support a finding that these conditions were permanent. Although predicting the durations of these conditions was difficult at trial, the testimony suggested that she should experience substantial improvement over the following two years.

The judgment on appeal grants a dissolution and equitably distributes the marital assets and liabilities. The assets and liabilities are relatively limited; the marital home and the wife's retirement plans from earlier employment make up the majority of the assets. The debts are primarily the mortgage on the home, car loans, and credit card debt. The judgment then makes an award of alimony, declines to award retroactive alimony over and above the payments of temporary alimony, and denies attorney's fees and costs. We conclude that the trial court erred in determining alimony. Unfortunately, due to the modest circumstances of the marriage and the health of the parties, this error may require reconsideration of the other portions of the final judgment.

## II. IN A MODERATE-TERM MARRIAGE, THE DECISION TO GRANT PERMANENT ALIMONY REQUIRES A FINDING BY CLEAR AND CONVINCING EVIDENCE THAT PERMANENT ALIMONY IS APPROPRIATE

This case is governed by the version of section 61.08 that went into effect on July 1, 2011. See ch. 2011-92, § 79, at 1703-04, Laws of Fla. Thus, the trial court had authority to award durational alimony. See § 61.08(7). The parties' twelve-year marriage is regarded as a moderate-term marriage. See § 61.08(4). In such a case, permanent alimony may be awarded, but the trial court must decide that it is appropriate "based upon clear and convincing evidence after consideration of the factors set forth in subsection [61.08](2)." § 61.08(8); see also Walker v. Walker, 85 So. 3d 553, 554 (Fla. 1st DCA 2012) ("In order to award permanent alimony, the trial court must make specific

factual determinations with regard to actual need on the part of the former spouse seeking an alimony award.").

In this case, the trial court awarded permanent periodic alimony in the amount of $5000 per month. But the trial court supported its award with findings that appear to better support an award of durational alimony without explaining why permanent periodic alimony would be more appropriate. Specifically, the court determined that the wife is currently capable of working only part time, but it also opined that if she continued with counseling and medications as she was directed, she could be capable of full time employment in two years. The court did not explain why the alimony award should be permanent despite its finding that the need may be temporary. Because it is unclear from the record whether her condition is permanent and thus whether the trial court appropriately awarded permanent periodic alimony over durational alimony, we remand for the trial court to address the issue with specific findings. The court may take additional evidence as necessary.

We emphasize that we are not holding that the trial court cannot award permanent alimony in this case. But in light of the parties' respective circumstances, it is important for the trial court to demonstrate that any choice for permanent alimony be based on clear and convincing evidence supporting that decision and not merely the decision to award the amount of $5000.

Affirmed in part, reversed in part, and remanded.


KHOUZAM and MORRIS, JJ., Concur.