NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JASON VINSAND,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D14-4193
                                        )
MICHELLE VINSAND,                       )
                                        )
          Appellee.                     )
 _____ )

Opinion filed October 28, 2015.

Appeal from the Circuit Court for
Hillsborough County; Tracy Sheehan,
Judge.

Robert W. Bauer and Maria Perez
Youngblood of Law Office of Robert W.
Bauer, P.A., Gainesville, for Appellant.

Lawrence J. Hodz of Cortes Hodz Family
Law & Mediation, P.A., Tampa, for Appellee.


CASANUEVA, Judge.

          Jason Vinsand appeals the final judgment dissolving his marriage to

Michelle Vinsand, asserting that the trial court erred in several respects.  Because we

conclude that the trial court erred in denying Mr. Vinsand's motion for transfer of venue,

we are compelled to reverse and set aside the final judgment.

Ms. Vinsand commenced dissolution proceedings in Hillsborough County, Florida, on January 25, 2013, having arrived in this state earlier in the month. At the time of filing, Mr. Vinsand resided in Alachua County, Florida, and had resided there a sufficient amount of time to meet Florida's residence requirement for obtaining a divorce in this state. See § 61.021, Fla. Stat. (2012) ("To obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition."). By the time the final judgment was entered, Ms. Vinsand was residing with the parties' three minor children in the former marital residence located in South Dakota,[1] and Mr. Vinsand had relocated to Iowa.

For purposes of venue, section 47.011, Florida Statutes (2012), mandates that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." A proceeding for dissolution of marriage is regarded as a transitory action. Goedmakers v. Goedmakers, 520 So. 2d 575, 579 (Fla. 1988). Our supreme court has held "that because an action for dissolution of marriage is personal or transitory, the 'property in litigation' clause of section 47.011 is not applicable to marriage dissolution cases." Id. at 580. "Thus, a resident defendant in a dissolution proceeding has the right or privilege of being sued in the county of his residence or in the county where the cause of action accrued." Id. at 579.

Generally, in a dissolution of marriage action, venue "lies in the county where the parties last lived with a common intent to remain married," as that is where

---

[1]The parties and three minor children resided together in Alachua County from December 2011 until July 2012, prior to purchasing the home in South Dakota.

the cause of action is deemed to have accrued. Butler v. Butler, 866 So. 2d 1280, 1281 (Fla. 4th DCA 2004); see Smith v. Smith, 430 So. 2d 521, 522-23 (Fla. 2d DCA 1983). In this case, however, the trial court found that the last place where the parties lived with the intent to remain married was South Dakota. Thus, the trial court's order established that this basis for venue is not available in this case.

Having established that the dissolution cause of action did not accrue in Florida, we must turn to the one remaining basis for venue—where the defendant resided at the time of filing. It is undisputed that Mr. Vinsand resided in Alachua County at the time the petition for dissolution was filed, and we conclude that venue was proper in Alachua County, not Hillsborough County.

We find support for our position in Rivenbark v. Rivenbark, 335 So. 2d 23 (Fla. 1st DCA 1976). In Rivenbark, the parties last resided as a married couple in Georgia, but the wife instituted her dissolution action in her county of residence, Alachua County. At that time the husband resided in Gadsden County, Florida, and sought to transfer venue there. The trial court declined to transfer venue. The First District reversed, reasoning that the marriage was broken in Georgia and, because "no substantial competent evidence" supported the wife's contention that the cause of action arose in Alachua County, the husband was entitled to be sued in his county of residence. Id. at 24.

We reach the same conclusion here. There is no substantial, competent evidence to support a conclusion that venue is proper in Hillsborough County. The trial court found that the last place the parties lived together with the common intent to remain married was in South Dakota, and it is undisputed that Mr. Vinsand resided in

Alachua County. Mr. Vinsand, accordingly, was entitled as a matter of law to be sued in Alachua County, and the trial court erred in denying the motion to transfer venue. See Host Marriott Tollroads, Inc. v. Petrol Enters., Inc., 810 So. 2d 1086, 1089-90 (Fla. 4th DCA 2002) ("If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is authorized under the applicable venue statute."). Accordingly, we are constrained to reverse, set aside the final judgment, and remand for transfer to Alachua County. See Fla. R. Civ. P. 1.060.

We undertake this course of action because it is required by law. We note that an order denying a change of venue is one of the enumerated nonfinal orders reviewable on interlocutory appeal. Fla. R. App. P. 9.130(a)(3)(A). But such an appeal is not mandatory, and failure to pursue an interlocutory appeal on venue does not bar review of the venue issue on appeal after final disposition of the case. Ferenc v. Ferenc, 553 So. 2d 1329, 1330 (Fla. 1st DCA 1989); Fla. R. App. P. 9.130(h) (stating that the rule permitting appellate review of specified nonfinal orders "shall not preclude initial review of a non-final order on appeal from the final order in the cause").

While deferring the appeal may be a sound tactical legal decision permitting the potential of the proverbial "second bite at the apple," it is on other levels a path fraught with peril and should be approached with caution. In this instance, the parties incurred great costs, both personal and financial, proceeding through the entire dissolution case and a direct appeal of the final judgment only to start over again in another county. This result is of particular concern in this case, where one of the parties' children is autistic and, this record strongly indicates, is in need of familial and financial support and stability, as are the other two children.

Finally, we briefly address the award of permanent alimony in this case in hopes of avoiding a repeated error on remand and to encourage the trial bench and practitioners in this field to allow for more meaningful appellate review. Section 61.08 identifies the various forms of alimony, characterizes marriages by their duration, and sets out the factors to be considered and findings to be made in awarding alimony. Permanent alimony may be awarded following a marriage of moderate duration if the trial court determines that "such an award is appropriate based on <u>clear and convincing evidence</u> after consideration of the factors set forth in subsection (2)" of section 61.08. § 61.08(8) (emphasis added); <u>see</u> <u>Valente v. Barion</u>, 146 So. 3d 1247, 1249 (Fla. 2d DCA 2014). In awarding permanent alimony following a marriage of any duration, the trial court "shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties." § 61.08(8).

In this case, the seven-year marriage qualifies as a moderate-term marriage, <u>see</u> § 61.08(4), but it is not apparent from the record that the trial court applied a clear and convincing standard in awarding permanent alimony. Furthermore, the trial court failed to make a finding that no other form of alimony was fair or reasonable under the circumstances of this case. We note that such a finding is now statutorily required, <u>Winder v. Winder</u>, 152 So. 3d 836, 841 (Fla. 1st DCA 2014), and, in order to allow for meaningful appellate review, we recommend that our trial courts identify on the record that the appropriate evidentiary standard was applied in determining the appropriate form of alimony.

Reversed and remanded with instructions.

WALLACE and BLACK, JJ., Concur.