# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2148
Lower Tribunal No. 17-23056
_____

**Kenneth Hendel,**
Appellant,

vs.

**Internet Escrow Services, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Stok Kon + Braverman, and Robert A. Stok and Gabriel G. Mandler and Yosef Kudan (Fort Lauderdale), for appellant.

EBI Law, PLLC and B. Elizabeth Interthal (Tampa); and Garbett, Allen & Roza, P.A., and David S. Garbett, for appellee.

Before FERNANDEZ, SCALES, and HENDON, JJ.

HENDON, J.

Kenneth Hendel ("Hendel") appeals from a final judgment dismissing his action filed in Miami-Dade Circuit Court, with prejudice, based on an internet contractual forum selection clause requiring all disputes be litigated exclusively in Orange County, California.  We affirm.

Hendel owns and operates a local art gallery in Aventura, Florida.  In April 2016, Hendel entered into an online transaction ("Buyer/IES Agreement") to purchase a piece of art for $38,000 from a seller located in Switzerland.  The transaction took place via a website owned and operated by Internet Escrow Services d/b/a Escrow.com ("IES"), which provided the escrow services for the transaction.  Specifically, after the seller initiated the online transaction with IES and indicated that Hendel was the buyer, IES sent Hendel three separate emails indicating that Hendel had not yet agreed to the transaction and requesting that Hendel: (1) sign in to his IES account; (2) click on the transaction number; and (3) then "agree to the terms and the escrow instructions."  The emails contained a button to select titled "Review and Agree to terms."

Hendel clicked on the "Review and Agree to Terms" button which took Hendel to the IES "Agree Page."  At the top of the Agree Page were buttons to "Agree," "Modify" and "Cancel Transaction." On the Agree Page, Hendel was able to review the merchandise, the terms of the purchase and sale

2

transaction, and the General Escrow Instructions. The General Escrow Instructions section allowed Hendel to scroll through the instructions without opening a new webpage, and also to print them out. Hendel clicked on the "Agree" button and then deposited the $38,000 purchase money with IES.

When Hendel received the art piece, he discovered that it was a forgery. What followed were protracted efforts by Hendel to return the art piece and recover his deposit from IES, including going to arbitration and participating in an interpleader action in California.[1] When efforts to recover his money from IES proved unsuccessful, Hendel filed the instant action against IES in the Miami-Dade County Circuit Court. IES moved to dismiss Hendel's initial complaint based on the forum selection clause in the Buyer/IES Agreement. After further proceedings, the lower court denied the motion based on limited evidence, consisting of, *inter alia*, Hendel's affidavit

---

[1] On July 8, 2016, in accordance with the General Escrow Instructions, IES filed an interpleader action against the Seller and Hendel in the Superior Court in Orange County California ("CA Action"). The Seller never responded and on March 17, 2017, IES applied for a default judgment against the Seller permitting IES to release the Escrowed Funds to Hendel on the condition that IES "will do so in return for Mr. Hendel's release of the artwork to Plaintiff counsel's office to hold in trust and agree to continue to attempt to contact Defendant …." Hendel, however, refused to allow IES or its counsel to hold the artwork. As a result, IES voluntarily dismissed Hendel without prejudice from the CA Action, and the court entered a default judgment against only the Seller.

3

denying that he had agreed to the General Escrow Instructions containing the forum selection clause. IES voluntarily dismissed its appeal.

In Hendel's Second Amended Complaint, the operative complaint, he alleged claims against IES for fraud in the inducement, negligent misrepresentation, violation of FDUTPA and for a declaratory judgment. As for the declaratory judgment claim, Hendel alleged, among other things, that he had no actual or constructive notice that the General Escrow Instructions and the Terms of Use were part of the transaction. IES again moved to dismiss the Second Amended Complaint based on the mandatory forum selection clause contained in the General Escrow Instructions. After considering argument and evidence, the trial court granted the motion and dismissed complaint, with prejudice, based on the forum selection clause. Hendel appeals.

## Standard of review

A Rule 1.140(b)(3) motion to enforce a forum selection clause is evidentiary, see Steiner Transocean Ltd. v. Efremova, 109 So. 3d 871 (Fla. 3d DCA 2013), and the lower court properly considered the evidentiary presentations. Interpretation of the forum selection clause presents a question of law for *de novo* review. Antoniazzi v. Wardak, 259 So. 3d 206, 209 (Fla. 3d DCA 2018). The finding that Hendel assented to the forum

4

selection clause is factual, subject to the clearly erroneous standard, and will be affirmed on substantial competent evidence. See Citigroup Inc. v. Caputo, 957 So. 2d 98, 100 (Fla. 4th DCA 2007).

*Discussion*

The forum selection clause in the Buyer/IES agreement requires all disputes to be litigated exclusively in Orange County, California[2], as follows:

> Governing Law; Venue
> This Agreement will be construed in accordance with and governed exclusively by the laws of the State of California applicable to agreements made among California residents and to be performed wholly within such jurisdiction, regardless of such parties' actual domiciles. All parties submit to personal jurisdiction in California, and venue in the County of Orange, State of California. The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature. Each party hereby waives any right it may have to assert the doctrine of forum non conveniens or similar doctrine or to object to jurisdiction or venue with respect to any proceeding brought in accordance with these General Escrow Instructions.

For the purposes of this appeal, Hendel does not contest that the forum selection clause is mandatory. See Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc., 105 So. 3d 592, 595 (Fla. 3d DCA 2013) (such clauses are presumptively valid; reversible error to refuse to enforce mandatory forum-selection clause). Rather, Hendel argues that IES's venue

---

[2] Further, the funds were deposited in California and are currently held in California.

5

objections are procedurally barred, either by waiver or as successive motions.

Rule 1.140(b) requires the defendant to plead "specifically and with particularity" the defense of improper venue, failing which the point will be waived. Three Seas Corp. v. FFE Transp. Servs., Inc., 913 So. 2d 72, 74 (Fla. 3d DCA 2005). IES preserved its venue challenge with particularity at all stages of litigation. IES specifically objected to venue in Miami-Dade in response to Hendel's first complaint. When IES voluntarily dismissed its appeal in that case, and Hendel submitted an amended complaint, IES once again objected based on the mandatory forum selection clause. The court's denial of IES's motion to dismiss the amended complaint did not foreclose a subsequent dismissal based on additional evidence and arguments. IES's voluntarily dismissing its appeal, answering the amended complaint and raising improper venue based on the forum selection clause, among other activity, did not waive IES's right to seek enforcement of the forum selection clause in response to the second amended complaint.[3] The second

---

[3] We note that an order denying a change of venue is one of the enumerated nonfinal orders that is reviewable on interlocutory appeal. Fla. R. App. P. 9.130(a)(3)(A); see Vinsand v. Vinsand, 179 So. 3d 366, 368–69 (Fla. 2d DCA 2015) (holding failure to pursue an interlocutory appeal on venue does not bar review of the venue issue on appeal after final disposition of the case); Ferenc v. Ferenc, 553 So. 2d 1329, 1330 (Fla. 1st DCA 1989); Fla. R. App. P. 9.130(h) (stating that the rule permitting appellate review of

6

amended complaint superseded the amended complaint, permitting IES to conduct motion practice on the new pleading with additional evidence obtained following its answer to the amended complaint on a preserved venue issue.

We disagree with Hendel's argument that his claims for fraud in the inducement and for a declaratory judgment preclude dismissal of the instant action based on the mandatory forum selection clause contained within the General Escrow Instructions. Hendel admits that he is a sophisticated businessperson and an experienced user of internet services for business purposes. He was able to complete the transaction on the Agree Page without having to scroll through the General Escrow Instructions and/or selecting a box to acknowledge that he had read them. The General Escrow Instructions were prominently displayed on the Agree Page and were conspicuous enough to put a reasonably prudent person on inquiry notice of their existence. This conclusion is supported by the fact that IES sent Hendel three emails requesting that Hendel "agree to the terms and escrow instructions," thus, he was on notice of their existence. See MetroPCS Commc'ns v. Porter, 273 So. 3d 1025 (Fla. 3d DCA 2018) (concluding that

_____

specified nonfinal orders "shall not preclude initial review of a non-final order on appeal from the final order in the cause").

7

providing a hyperlink to the terms and conditions at the end of short text messages to the customer was sufficient to put the customer on inquiry notice of the terms and conditions).

The lower court found by substantial competent evidence that the forum selection clause was readily available for Hendel's review, and that Hendel agreed to the forum selection clause by engaging IES's escrow services. The forum selection clause is valid and enforceable. We therefore affirm the final judgment dismissing Hendel's action based on improper venue in Miami-Dade County pursuant to the mandatory forum selection clause contained in the Buyer/IES Agreement.[4]

Affirmed.

---

[4] The "with prejudice" clause in the final judgment does not affect bringing the action properly in California, but only acts to preclude re-filing the action in Miami-Dade.