GLICKSTEIN, Judge.
Respondent appeals two non-final orders of the circuit court denying his motions to dismiss or stay proceedings initiated by his wife. One order involves questions of jurisdiction and of forum non conveniens, the other, a question of comity.
The parties are nationals of and have been residents of Germany. They were married on December 17, 1977, in Germany, having previously entered a premarital agreement. The agreement was modified in Germany at the wife’s request in 1980. The parties’ two surviving children are also German nationals and residents of Germany.
The parties vacationed frequently in this country and in 1984 purchased a vacation home in this country.
In 1986 the wife came to the Palm Beach County home on a visitor’s visa with both children. She has remained here since and has refused to return to Germany. The husband has taken the elder daughter back to Germany.
In 1987, the wife filed a petition in the circuit court for alimony and child support pursuant to section 61.09, Florida Statutes (1985). The petition is unconnected with dissolution. The trial court issued an order for temporary relief, although the husband was not present. According to the order, proper notice was served on the husband by the sheriff. The court also enjoined the husband from removing the younger daughter, who was to stay with the wife, from this jurisdiction and from harassing the wife.
The husband moved for relief from the above order, claiming lack of jurisdiction or in the alternative forum non conveniens. The motion was denied. Subsequent to the above motion the husband filed for divorce in Germany. He then filed a motion to dismiss or stay the proceedings here based on principles of comity. When this was denied, the husband appealed.
We affirm. See Weinschel v. Weinsckel, 368 So.2d 386 (Fla. 3d DCA 1979) (state courts have jurisdiction to entertain separate maintenance action unconnected with dissolution brought by nonresident temporarily in state), and Belcher v. Belcher, 271 So.2d 7 (Fla.1972) (until there is decree of dissolution, wife’s support remains under the usual guidelines, unsupplanted by terms of antenuptial agreement).
ANSTEAD and STONE, JJ., concur.