HALL, Judge.
The appellant wife, Vera Lorraine Howell, challenges the order dismissing her amended petition for alimony and child support unconnected with dissolution. The trial court based its order on a lack of jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act. We reverse.
In September 1988, the appellant brought her four minor children to Florida from Missouri to visit her ailing father. In November 1988, the appellant filed a petition pursuant to section 61.09, Florida Statutes (1987), for alimony and child support without dissolution of marriage in which she sought temporary and permanent alimony, child support, and custody of the parties' four minor children. In December 1988, the appellee husband, Donald Edward Howell, filed a motion to dismiss the petition for failure to state a cause of action and for lack of jurisdiction on the ground that Florida was not the home state of the minor children as defined in the Uniform Child Custody Jurisdiction Act. The appellant then filed an amended petition in which she deleted her prayer for custody of the children. After hearing the matter, the trial court entered an order dismissing the appellant’s action pursuant to the Uniform Act.
Because the appellant did not seek a determination of custody in her amended petition, the Uniform Child Custody Jurisdiction Act and its residency requirements are irrelevant to the appellant’s cause of action for separate maintenance pursuant to section 61.09. Furthermore, the domicile or residence of either party in this state is unnecessary to a Florida trial court’s exercise of jurisdiction in a separate maintenance action. Martin v. Martin, 128 So.2d 386 (Fla.1961); Weinschel v. Weinschel, 368 So.2d 386 (Fla. 3d DCA 1979) (Florida courts have jurisdiction to entertain separate maintenance actions by nonresidents temporarily in Florida).
We reverse the order dismissing the appellant’s amended petition and remand with directions that said petition be reinstated.
SCHEB, A.C.J., and THREADGILL, J., concur.