654 So.2d 1043 (1995)
William Horace LATTA, Jr., Husband, Appellant,
v.
Judith Adkinson LATTA, Wife, Appellee.
No. 94-1019.
District Court of Appeal of Florida, First District.
May 18, 1995.
Richard W. Bell of Bell & McRight, P.C., Birmingham, AL, for appellant.
Bonnie K. Roberts, Bonifay, for appellee.
PER CURIAM.
In this appeal from final judgment in a dissolution of marriage proceeding, appellant raises three issues: (1) whether the trial court had in personam jurisdiction over appellant; (2) whether the trial court erred in deeming the parties' two consecutive marriages to be one continuous marriage; and (3) whether the trial court erred in awarding lump sum and rehabilitative alimony. Because we find that the trial court lacked personal jurisdiction over appellant and this determination is dispositive of the appeal, we do not address the other issues.
The parties first married on June 29, 1990, and lived in Gardendale, Alabama, where the husband was an auto mechanic in a familyowned garage. The wife rented out the Florida house in which she has a life estate. In December of 1990, the wife returned to Florida and resumed living in her home in Chipley. The parties lived separately until their divorce in November of 1991. No provision for property or other settlement was made in that dissolution proceeding.
On March 27, 1992, the parties re-married. At that time, the wife was pursuing degrees *1044 at Troy State University and could not readily reside in Gardendale, a suburb of Birmingham. Consequently, the wife continued to live in Florida while commuting to Troy State University, and the husband continued living in Alabama. To see each other, the parties exchanged weekend visitations, alternating between Florida and Alabama.
On May 24, 1993, the wife petitioned for dissolution of marriage and requested rehabilitative and lump sum alimony and attorney fees. The husband, who was served pursuant to Section 48.193(1)(e), Florida Statutes, moved to dismiss the action for lack of personal jurisdiction and claimed that a matrimonial domicile had never been maintained in Florida and that the husband was at all times a resident of Alabama. The court denied the motion. The husband has never agreed to submit to the jurisdiction of the Florida court.
A hearing was held on January 11, 1994, and the final judgment entered on February 1, 1994, dissolved the marriage and awarded both lump sum and rehabilitative alimony to the wife, as well as attorney's fees. In addition, the court treated the two consecutive marriages as one continuous marriage for purposes of making these awards.
In the instant case, it is undisputed that the wife is a Florida resident, and the court thus had jurisdiction to dissolve the marriage. Under Florida law, however, a court cannot adjudicate alimony and property rights unless the court has in personam jurisdiction over the parties. Binger v. Binger, 555 So.2d 373 (Fla. 1st DCA 1989). The husband was served with the dissolution of marriage petition pursuant to Florida's long arm statute, which provides in pertinent part as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the court of this state for any cause of action arising from the doing of any of the following acts:
.....
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
§ 48.193(1)(e), Fla. Stat. (1993) (emphasis added). The husband is indisputably a resident of Alabama, but residence and domicile are not synonymous. "Domicile" is "that place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning." Black's Law Dictionary 435 (5th ed. 1979). The trial court's monetary awards, therefore, rest on an implicit but erroneous finding of personal jurisdiction based on the maintenance of a matrimonial domicile in this state. The husband's infrequent forays into the state to visit his wife cannot be said to evidence the husband's intent to make Florida his permanent home.
In Bofonchik v. Smith, 622 So.2d 1355 (Fla. 1st DCA 1993), this court used a "totality of the circumstances" test to determine whether personal jurisdiction was acquired pursuant to the above-cited long arm statute. The facts of this case clearly establish that appellant did not establish a marital domicile in Florida. During the couple's first marriage, the matrimonial domicile was located in Alabama. There is no evidence from the second marriage, that the husband established a domicile in Florida. See Dunlop v. Dunlop, 564 So.2d 618 (Fla. 1st DCA 1990) (no personal jurisdiction over husband who never lived in Florida during the marriage, but occasionally visits Florida to exercise his visitation rights because he neither maintained a matrimonial domicile nor resided in state). The trial court below treated the parties' consecutive marriages as one continuous marriage, but even under this view, we *1045 find that appellant's domicile was in Alabama.
The trial court erred in denying appellant's motion to dismiss for lack of personal jurisdiction. The alimony and attorney fee awards are therefore reversed. We do not address the propriety of the trial court's treatment of the two marriages as a single marriage.
ERVIN, MINER and WOLF, JJ., concur.