710 So.2d 151 (1998)
James FARRELL, Appellant,
v.
Rosemarie FARRELL, Appellee.
No. 97-3178.
District Court of Appeal of Florida, Third District.
April 22, 1998.
Jeffery P. Raffle, Coral Gables, for appellant.
Cynthia L. Greene, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
James Farrell [James] appeals an order denying his motion to dismiss for lack of personal jurisdiction. We affirm.
The parties were married in Maryland in 1979; James resided in Maryland. Since 1979, James, employed by the U.S. Navy and NASA, has moved from Maryland to Virginia, and back to Maryland. James has not lived in Florida since 1979. Rosemarie Farrell [Rosemarie] has resided in Miami, Florida, continuously since 1979. In 1987, the couple purchased a condominium in Miami titled as tenants by the entireties. James comes to Miami for only two weeks each year during the Christmas holiday season; during these visits, he stays at the jointly-owned condominium with Rosemarie. James uses the condominium address as his official mailing address of record with his employer and for Internal Revenue Service purposes because he is continually moving.
Rosemarie petitioned for dissolution in Dade County Circuit Court, asserting longarm jurisdiction over James under section 48.193(1)(e), Florida Statutes (1995), alleging that the parties maintained their matrimonial domicile in Florida. James filed a motion to dismiss for lack of personal jurisdiction. The trial court denied the motion and adopted the general master's finding that the matrimonial domicile is in Florida, the place where the "parties live together as husband and wife either actually or constructively." James appeals.
*152 Section 48.193(1)(e), Florida Statutes (1995), confers on the trial court in personam jurisdiction in a dissolution action for alimony, child support, or property division purposes, over a defendant who is "maintaining a matrimonial domicile in this state at the time of the commencement of this action...." (Emphasis added). Rosemarie argues, and we agree, that the only place where the parties had established a matrimonial domicile is in Florida, as this is the only state where the "parties lived together as husband and wife either actually or constructively." Black's Law Dictionary 978 (6th ed.1990)(defining "matrimonial domicile"). Here, as in Burkhart v. Burkhart, 144 Fla. 168, 197 So. 730 (1940), the parties spent their married life, however unique it was, in Florida. This is where the matrimonial domicile was established.
We decline to follow Latta v. Latta, 654 So.2d 1043 (Fla. 1st DCA 1995). Latta held that the litigants had not established a matrimonial domicile sufficient to support the court's exercise of personal jurisdiction under section 48.193(1)(e). However, the Latta court misplaced its reliance on personal jurisdiction principles in interpreting "matrimonial domicile" as used in the statute.
Based on the foregoing reasoning, we affirm the order denying the motion to dismiss, and remand for further proceedings.
Affirmed.