839 So.2d 839 (2003)
Darrel FORREST, Appellant,
v.
Amy L. FORREST, Appellee.
No. 4D02-1904.
District Court of Appeal of Florida, Fourth District.
March 5, 2003.
*840 Gordon C. Brydger of Law Offices of Gordon C. Brydger, P.A., Fort Lauderdale, for appellant.
Nancy W. Gregoire, Joel L. Krischbaum, and Katherine O. Birnbaum of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellee.
STONE, J.
We reverse an order granting the wife's petition for support unconnected with divorce. The trial court did not have personal jurisdiction over the husband under Florida's long-arm statute.
The parties lived in Missouri and Illinois until November 2000, when the husband's employment made it necessary for the family to move to Singapore with their two minor children. According to the terms of the husband's employment contract, he would work in Singapore for at least two years and could stay on at his option.
In August 2001, the parties visited Florida, where the wife's parents reside. During their one-week stay, the parties opened a joint bank account and purchased a home before returning to Singapore. According to the wife, the parties intended to return to Florida upon conclusion of the husband's term of employment in Singapore. In December 2001, the wife, accompanied by the parties' children, returned to Florida for knee surgery. Soon after she arrived in Florida, she filed this petition for alimony and child support unconnected with divorce. She also requested exclusive use and occupancy of the parties' new home in Florida. The petition was personally served on the husband in Singapore and he promptly filed a motion to dismiss for lack of personal jurisdiction.
The trial court found that it had jurisdiction and entered an order granting the wife's petition as it related to the support issue. As authority for its decision, the lower court cited Wachsmuth v. Wachsmuth, 528 So.2d 1201 (Fla. 4th DCA 1988), and Howell v. Howell, 545 So.2d 933 (Fla. 2d DCA 1989).
We have considered Wachsmuth and Howell, but deem them inapposite, as those cases resolve the issue of subject matter jurisdiction in separate maintainance *841 actions. The issue in this case is personal jurisdiction (i.e., the trial court's authority to determine the rights of the father), not subject matter jurisdiction (i.e., the trial court's authority to decide the issue). Therefore, section 48.193(1)(e), Florida Statutes, is controlling:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

* * *
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
§ 48.193(1)(e), Fla. Stat. (2001) (emphasis added).
As section 48.193(1)(e) provides, the husband is not subject to the court's jurisdiction unless he maintained a "matrimonial domicile" or resided in Florida at the time the wife filed the subject petition. We conclude that the facts alleged in the wife's petition do not support the finding of either requirement.
A "[m]atrimonial domicile" is the place where the parties "live together as husband and wife either actually or constructively." See Farrell v. Farrell, 710 So.2d 151, 152 (Fla. 3d DCA 1998)(quoting Black's Law Dictionary 978 (6th ed.1990)). Here, the place where the parties lived together as husband and wife was Singapore; the wife's allegation that the Florida home was the matrimonial domicile because the husband purchased the home with the intention of living there one year later is insufficient to establish jurisdiction. See id. Further, we reject the wife's contention that the husband's one-week stay in Florida makes him a Florida resident for the purpose of satisfying this jurisdictional requirement.
On appeal, the wife argues that she alleged facts sufficient to meet the jurisdictional requirements of section 48.193(1)(c), Florida Statutes. We disagree. That section confers jurisdiction to the court over any person who owns, uses, possesses, or holds a mortgage or other lien on real property within this state. Although, here, the husband did own property in the state, that property was not the subject of the petition and can not give rise to the finding of personal jurisdiction. See Nichols v. Paulucci, 652 So.2d 389, 392 n. 5 (Fla. 5th DCA 1995)("By itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state, unless the cause of action arose out of such ownership"). Thus, for the instant proceeding, section 48.193(1)(c) is not the applicable provision.
Based on the foregoing reasoning, we reverse the order partially denying the husband's motion to dismiss and remand for further proceedings.
GROSS, J. and STERN, KENNETH, Associate Judge, concur.