371 So.2d 495 (1979)
A-1 TRUCK SERVICE, INC., a Foreign Corporation, Belford Trucking Company, Inc., a Florida Corporation, Bankers and Shippers Insurance Company of New York, an Insurance Company, and Thomas C. Sandefur, Appellants,
v.
Helen KIVENAS, As Personal Representative of the Estate of Stanley W. Kivenas, Deceased, Appellee.
No. MM-207.
District Court of Appeal of Florida, First District.
May 9, 1979.
*496 L. William Graham of Dell, Graham, Willcox, Barber, Ryals, Henderson & Monaco, Gainesville, for appellants.
Stephen A. Rappenecker, Gainesville, for appellee.
PER CURIAM.
This interlocutory appeal is from an order of the circuit court denying appellants' motion for change of venue. We reverse.
This is a wrongful death action in which appellee, Helen Kivenas, seeks damages for personal injuries and the wrongful death of her husband which allegedly resulted from an accident in which decedent was struck by a tractor trailer owned by appellant, A 1 Truck Service, Inc., leased by appellant Belford Trucking Company, Inc., operated by appellant, Thomas C. Sandefur, and insured by appellant, Bankers and Shippers Insurance Company of New York. The complaint, filed in Alachua County, alleged that the accident occurred in Marion County and that decedent died in Alachua County as the result of the injuries received. Appellants contend that the trial court erroneously based its denial of their motion for change of venue to Marion County upon the assumption that the cause of action for wrongful death for venue purposes accrues where the decedent died rather than where the alleged negligent acts which caused the injuries occurred. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4 DCA 1975), is in point. There, the District Court of Appeal, Fourth District, ruled that the cause of action accrues in (and venue lies in) the county where the negligent acts which caused the deaths were committed rather than the county in which death occurred. We agree with the well-reasoned opinion of our sister court in Gaboury, and it would serve no useful purpose to attempt to embellish it.
REVERSED.
McCORD, C.J., and MELVIN and BOOTH, JJ., concur.