868 So.2d 552 (2004)
WEDGE HOTEL MANAGEMENT, (BAHAMAS), LTD., Appellant,
v.
Victor A. MEIER, etc., et al., Appellees.
No. 3D03-1123.
District Court of Appeal of Florida, Third District.
January 14, 2004.
Rehearing Denied March 19, 2004.
Wilson, Elser, Moskowitz, Edelman & Dicker and R. Layton Mank and Suzanne Brown-Vazquez, Miami, for appellant.
Stearns Weaver Miller Weissler Alhadeff & Sitterson and Alan H. Fein and Joy Spillis Lundeen and Matthew W. Buttrick, Miami, for appellees.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
PER CURIAM.
Wedge Hotel Management ("Wedge") appeals from an order denying its motion to dismiss based on the doctrine of forum non conveniens. We affirm.
This case arises from a tragic boating accident in the Bahamas in which the plaintiff's right arm was severed. The plaintiff filed claims against several defendants, including Wedge, the appellant herein.[1] Service was effected upon Wedge on June 15, 2001. On July 9, 2001, Wedge filed a Motion to Quash. That motion was denied on March 5, 2002. On May 6, 2002, Wedge filed a motion to dismiss for forum non conveniens. Wedge appeals from the denial of that motion. Because the motion to dismiss for forum non conveniens was untimely, we affirm.
Florida Rule of Civil Procedure 1.061(g) provides that "[a] motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party." Here, although service was effected upon Wedge on June 15, 2001, Wedge's motion to dismiss for forum non conveniens was not filed until May 6, 2002, well past the sixty day time limit of 1.061(g). As Wedge's motion was untimely under the plain language of 1.061(g), we need not address the merits of the arguments raised in the motion.
We are unpersuaded by Wedge's contention that its July 9, 2002, Motion to Quash tolled the sixty-day forum non conveniens filing period. Tolling the filing period does nothing to promote the interests that the doctrine of forum non conveniens seeks *553 to preserve, which includes avoiding a waste of resources, Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86, 94 (Fla. 1996), and merely serves to encourage the filing of unnecessarily successive motions. In complying with Rule 1.061, a defendant should file an alternative motion to dismiss for forum non conveniens contemporaneously with the filing of a motion to quash service of process.[2]
Accordingly, the order denying Wedge's motion to dismiss for forum non conveniens is affirmed.
NOTES
[1] We refrain from setting out the extensive procedural history of this case, as doing so is unnecessary to reach the issue currently before us.
[2] Of course, even if not filed simultaneously with a motion to quash, the motion to dismiss for forum non conveniens is still timely so long as it is filed within sixty days of service of process on the movingparty.