910 So.2d 422 (2005)
Roy J. FOX, Appellant,
v.
UNION CARBIDE CORPORATION, Appellee.
No. 4D04-2769.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
David A. Jagolinzer and James L. Ferraro of Ferraro & Associates, P.A., Miami, for appellant.
Nathan M. Thompson and Evelyn M. Fletcher of Hawkins & Parnell, LLP, Atlanta, GA, for appellee.
PER CURIAM.
Union Carbide Corporation filed a motion to dismiss Roy Fox's asbestos case based on forum non conveniens grounds. The trial court granted the motion and dismissed the case without prejudice. Fox raises four issues on appeal. We address only the issue of the timeliness of the motion and reverse.
Fox filed suit on August 8, 2003 against fifty-three corporations, including Union Carbide, based on an asbestos-related illness. However, the trial court docket included in the record reveals that the complaint was not served on the defendants until November 5, November 6, November 10, and December 15, and does not indicate which defendants were served on which date.
On the exposure sheets attached to the complaint, Fox indicated that he may have been exposed to asbestos at the following locations: U.S. Naval Air Station, Pensacola, Florida (1961-1962); Pittsburgh Des Moines Steel, Birmingham, Alabama (1964-1980); U.S. Army, Fort Benning, Georgia (1966-1969); Penny's Dog Food Plant, Birmingham, Alabama (1982-1985); Marita Bakery, Birmingham, Alabama (1985-1986); Holiday Bowling Lane, Bessemer, Alabama (1996-1997); Maxx Petroleum, Bessemer, Alabama (1996-1998); and Trinity Steel, Bessemer, Alabama (1997-1998). Regarding Union Carbide, Fox asserted that he was possibly exposed to asbestos in Calidria-containing products, Bakelite, joint compounds, and cements at the U.S. Naval Air Station in Pensacola, Pittsburgh Des Moines Steel in Birmingham, and the U.S. Army Base in Fort Benning. Fox subsequently supplemented his exposure sheets to indicate that he may *423 have been exposed to products, such as Georgia-Pacific Ready Mix Joint Compound, containing Union Carbide Bakelite and Calidria, at various residential and commercial structures in the Birmingham metropolitan area.
In another attachment to the complaint, the Forum Non Conveniens Fact Sheet, Fox stated that he did not currently reside in Florida but that he resided in and was exposed to asbestos in Florida, indicated that it was undetermined whether any asbestos exposure occurred in Palm Beach County, stated that some fact and expert witnesses resided in Florida, and indicated that he was diagnosed and received medical treatment in Florida with an undetermined amount occurring in Palm Beach County.
Additionally, Fox's witness list included thirty-five experts, including eight residing in Florida (one in Palm Beach County) and none residing in Alabama. His fact witness list included broad categories rather than specific people, so it is uncertain how many potential witnesses reside in Florida and Alabama. Union Carbide's summary of expert opinions listed sixteen experts who could possibly testify, including two residing in Florida and none residing in Alabama.
Union Carbide filed a Motion to Dismiss Based on Forum Non Conveniens on May 21, 2004. Union Carbide claimed that neither Fox nor Union Carbide resided in Florida, Fox's injuries occurred outside of Florida, Fox received medical treatment outside of Florida, and no witnesses resided in Florida. Union Carbide further alleged that Alabama was the proper forum for the case, because Fox's injuries occurred in Alabama, Fox resided in Alabama, and Fox never lived nor worked in Palm Beach County.
Union Carbide attached an unexecuted affidavit to the forum non conveniens motion indicating that its principal place of business is not in Florida, that it does not have a registered agent or representative in Palm Beach County, and that it is amenable to service of process in Alabama. Union Carbide also attached portions of the transcript of Fox's deposition to the forum non conveniens motion which indicated that Fox lived in Alabama for his entire life except from 1960-1961 when he lived in Pensacola. He testified that he was employed as a busboy at the Naval Air Station while in Pensacola and worked exclusively in the cafeteria. He also testified that two of his co-workers at Pittsburgh Des Moines Steel were still residing in Birmingham. Fox further testified that he never lived nor worked in Palm Beach County. He additionally testified that he never came to Palm Beach County to meet with any doctors or lawyers, nor had he talked by phone with any doctors in the area.
Fox filed Plaintiff's Response to Defendant Union Carbide Corporation's Motion to Dismiss Based on Forum Non Conveniens. He contended that the motion to dismiss was untimely and that the selection of a Palm Beach County forum was not improper under applicable forum non conveniens standards.
Following a hearing, the trial court entered an Order Dismissing Case Without Prejudice. The trial court found that there was no nexus between the case and Palm Beach County and that dismissal was appropriate for judicial efficiency and due to financial constraints on the court system. The trial court also concluded that the case was between non-residents of Florida, that the exposure sheets revealed that most of the locations at issue were located in Alabama, and that there were no local witnesses.
*424 The trial court then entered an Amended Order Dismissing Case Without Prejudice. This order added to the findings in the previous order and specifically referenced Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), the applicable forum non conveniens standard in Florida. The trial court found that Alabama was an adequate alternative forum. The trial court considered the private interests factor vis-à-vis the public interests factor and determined that Florida had no interest in the case, the case would be unduly burdensome to the community, and that virtually no witnesses were located in Florida. The trial court considered the ability to reinstate the case in the alternate forum factor to be satisfied by the fact that Kinney provides that a motion to dismiss for forum non conveniens stipulates that the case will be treated by the alternate forum as if it were filed in that forum on the date it was filed in Florida. Additionally, the trial court noted that it was aware that a motion to dismiss based on forum non conveniens must be filed within sixty days of service of the complaint, but did not rule on the issue of timeliness before granting the motion to dismiss.
We address only one of the issues raised by Fox in support of reversal, that of the timeliness of the motion to dismiss based on forum non conveniens, because we consider this issue dispositive. Florida Rule of Civil Procedure 1.061(g) provides: "A motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party." Where a motion is untimely under this rule, the motion should be denied. See Wedge Hotel Mgmt., (Bahamas), Ltd. v. Meier, 868 So.2d 552, 552 (Fla. 3d DCA 2004).
Based on the dates of service of the complaint listed in the trial court docket, even if Union Carbide was served on the latest date of December 15, 2003, the forum non conveniens motion filed on May 21, 2004 was untimely because it was filed more than sixty days after the complaint was served on Union Carbide. We are unpersuaded by Union Carbide's argument for an equitable estoppel exception to the rule, as we do not believe that the circumstances of this case warrant such an exception.
As such, we conclude that the trial court erred by granting Union Carbide's motion to dismiss on forum non conveniens grounds because it was untimely filed. Consequently, we reverse and remand for further proceedings consistent with this opinion.
Reversed.
GUNTHER, WARNER and HAZOURI, JJ., concur.