913 So.2d 1265 (2005)
Gerald R. BOSARGE, Sr., and Patricia A. Bosarge, his wife, Appellants,
v.
AMERICAN OPTICAL CORPORATION, et al., Appellees.
No. 4D04-3496.
District Court of Appeal of Florida, Fourth District.
November 16, 2005.
*1266 David A. Jagolinzer and James L. Ferraro of Ferraro & Associates, P.A., Miami, for appellants.
Nathan M. Thompson and Evelyn M. Fletcher of Hawkins & Parnell, LLP, Atlanta, Georgia, for appellees Bayer Cropscience, Inc., Dana Corp., Dow Chemical Co., Ericsson Inc., Flowserve Corp., Maremont Corp., Union Carbide Corp., and Zurn Indus., Inc.
HAZOURI, J.
Gerald and Patricia Bosarge filed a complaint for asbestos-related injuries allegedly sustained by Gerald Bosarge against fifty-three different defendants including eight defendants who are now appellees herein. Union Carbide Corporation (UCC) filed a motion to dismiss the Bosarges' claim based on forum non conveniens. The trial court granted the motion to dismiss the case without prejudice basing its decision on the Florida Supreme Court's decision in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). We reverse.
In the trial court's order of August 9, 2004 in granting Union Carbide Corporation's motion to dismiss, the court stated as follows:
In accordance with the Kinney case, the Court finds the following:
1. An adequate alternative forum exists that possesses jurisdiction over the case. The parties' private interests will not be affected detrimentally if the Motion is granted. In fact, the Court believes that the private interest of the parties weighs in favor of the alternative venue. The case does not have a sufficient nexus with Broward County to justify Broward County's and the State of Florida's commitment of judicial time and resources to it.
2. There is an insignificant connection between the case and Broward County, Florida.
3. The Court through the requirements of Kinney, will ensure that the Plaintiff will be able to reinstate the suit in Alabama without undue prejudice or inconvenience.
The Bosarges argue that UCC's motion to dismiss for forum non conveniens was untimely under rule 1.061(g) which provides:
(g) Time for Moving for Dismissal. A motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party.
We agree.
The complaint in this case was filed on July 28, 2003, and was served upon UCC on December 4, 2003. UCC filed its Motion to Dismiss for Forum Non Conveniens on May 21, 2004, more than six months after service of process.
The instant case is controlled by this court's decision in Fox v. Union Carbide Corp., 910 So.2d 422 (Fla. 4th DCA 2005), in which this court reviewed an asbestos-related case which also involved UCC. We reversed the trial court's granting of UCC's motion to dismiss for forum non conveniens. We held in Fox that the sixty-day time limit prescribed by Florida Rule of Civil Procedure 1.061(g) must be strictly applied and, therefore, UCC's motion to dismiss for forum non conveniens was untimely. In the instant case, UCC filed its motion to dismiss for forum non conveniens six months after service of process *1267 and, as we concluded in Fox, the trial court in the instant case erred by granting UCC's motion to dismiss. We reverse and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
STONE and GROSS, JJ., concur.