914 So.2d 527 (2005)
Jack D. PHILLIPS, Appellant,
v.
AMERICAN OPTICAL CORPORATION, et al., Appellees.
No. 4D04-3493.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
David A. Jagolinzer and James L. Ferraro of Ferraro & Associates, P.A., Miami, for appellant.
Nathan M. Thompson and Evelyn M. Fletcher of Hawkins & Parnell, LLP, Atlanta, GA, for appellees Union Carbide Corp., et al.
PER CURIAM.
Union Carbide Corporation filed a motion to dismiss Jack Phillips's asbestos case based on forum non conveniens. The trial court granted the motion and dismissed the case with prejudice. Phillips raises four issues on appeal. We address only the issue of the timeliness of the motion and reverse.
On July 16, 2003, Jack Phillips filed suit against fifty-three corporations, including Union Carbide Corporation, on asbestos-related *528 claims. The complaint was served on Union Carbide on December 4, 2003.
Union Carbide filed a motion to dismiss based on forum non conveniens on May 21, 2004. The trial court granted the motion to dismiss. The trial court subsequently entered an order dismissing the case with prejudice.
Florida Rule of Civil Procedure 1.061(g) provides: "A motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party." Where a motion is untimely under this rule, the motion should be denied. See Wedge Hotel Mgmt., (Bahamas), Ltd. v. Meier, 868 So.2d 552, 552 (Fla. 3d DCA 2004).
In the case at bar, Union Carbide was served with the complaint on December 4, 2003. The motion to dismiss for forum non conveniens was not served until May 21, 2004, well outside the sixty-day window for filing such a motion. As a result, the trial court erred by not denying the motion to dismiss.
Therefore, as in Fox v. Union Carbide Corp., 910 So.2d 422 (Fla. 4th DCA 2005), a Fifteenth Judicial Circuit case in which the motion to dismiss based on forum non conveniens suffered from the same timing deficiency, we reverse and remand for further proceedings consistent with this opinion.
Reversed.
GUNTHER, FARMER and TAYLOR, JJ., concur.