923 So.2d 1194 (2006)
DAWSON INSURANCE, INC., Appellant,
v.
QUANTUM CAPITAL NETWORK, LLC., Appellee.
No. 3D05-738.
District Court of Appeal of Florida, Third District.
March 15, 2006.
Demahy, Labrador, Drake & Payne and Kenneth R. Drake, Miami, and Michael A. Gonzalez, Tampa, for appellant.
Thomas J. Morgan, Miami; David S. Harris, for appellee.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
FLETCHER, Judge.
Dawson Insurance, Inc. [Dawson] seeks to reverse a final order denying its motion to dismiss for forum non conveniens the suit filed against it by Quantum Capital Network, LLC. [Quantum]. We affirm.
*1195 We find that Dawson's motion to dismiss for forum non conveniens was untimely served beyond the sixty day period required by the Rule and we affirm on that basis. Fla. R. Civ. P. 1.061(g); see Wedge Hotel Management (Bahamas), Ltd. v. Meier, 868 So.2d 552 (Fla. 3d DCA 2004). By the plain language of Rule 1.061(g), "a motion to dismiss based on forum non conveniens shall be served no later than 60 days after service of process on the moving party." [e.s.]. The Rule provides no exception. As in Wedge, the purpose of the motion is "to promote the public interests that the doctrine of forum non conveniens seeks to preserve, which includes avoiding a waste of resources" and the filing of unnecessary successive motions. Wedge at 552-53.
The appellant's argument that Florida Rule of Civil Procedure 1.090(b) allowed the parties to agree between themselves to extend the period within which to respond to the complaint is unpersuasive for two reasons. First, Dawson did not file a responsive pleading but rather an untimely motion to dismiss. A motion to dismiss is not a "response" because it is not a "pleading" under the rules. See Fla. R. Civ. P. 1.100(a) (designating permissible pleadings and providing that "[n]o other pleadings shall be allowed"); Boca Burger, Inc. v. Forum, 912 So.2d 561 (Fla. 2005) (citing to Vanderberg v. Rios, 798 So.2d 806, 807 (Fla. 4th DCA 2001) (noting that a motion to dismiss is not a pleading)).
Second, Rule 1.090(b) indicates that a party must make its request to the court (i.e., file a motion) to enlarge a time period prescribed by the rules of civil procedure. See Fla. R. Civ. P. 1.100(b) (defining a motion as an application to the court for an order). Dawson did not file a motion with the court prior to expiration of the sixty days for an order granting it an enlargement of time within which to file a motion to dismiss for forum non conveniens. Fla. R. Civ. P. 1.090(b)(1). Dawson raised the issue with the court after the period had expired at the hearing on the motion for forum non conveniens; the court at that point had the discretion to allow the motion but only "when failure to act was the result of excusable neglect," which claim was not raised or argued below. Fla. R. Civ. P. 1.090(b)(2).
Affirmed.