RAMIREZ, C.J.
 

 Giovanna Settimi Caraffa appeals the dismissal of her complaint on forum non conveniens grounds. We reverse because the motion to dismiss filed by appellee Carnival Corporation was untimely pursuant to Florida Rule of Civil Procedure 1.061(g).
 

 Factual Background
 

 Caraffa filed the underlying action on behalf of her deceased husband, Benedetto Caraffa, on January 17, 2006. She alleged that her husband died as a result of prolonged exposure to asbestos while working on ships that Carnival owned and controlled. Carnival received service of process on January 19, 2006.
 

 On March 22, 2006, Carnival served its Motion to Dismiss, which included a forum non conveniens argument. In response, on July 10, 2006, Caraffa filed her Motion to Strike Carnival’s untimely forum non conveniens argument, which she later withdrew before the trial court ruled on the motion.
 

 Soon thereafter, Carnival filed its responses to Caraffa’s First Request for Production, which, in numbers 29-41, stated as follows:
 

 In the event that one or more Defendants take the position that the Court in which this suit is filed lacks jurisdiction over defendant or the subject matter; or the doctrine of forum non conveniens applies then Plaintiff requests that any and all documents pertaining to the following be produced.
 

 Carnival responded as follows:
 

 With respect to Requests 29-MI and for purposes of this litigation only, Defendant is not contesting jurisdiction and is not moving to dismiss based on the doctrine of forum non conveniens.
 

 On September 6, 2006, Caraffa filed her Amended Complaint, in which she alleged causes of action for wrongful death under the Jones Act and General Maritime Law, Unseaworthiness, Failure to Provide Maintenance and Cure, and a Survival Action for Damages of Benedetto Caraffa. Carnival filed its Motion to Dismiss the Amended Complaint on October 2, 2006. Carnival did not include an argument based on forum non conveniens. On April 27, 2007, the parties entered into an agreed order regarding Carnival’s Amended Motion to Dismiss.
 

 On May 14, 2007, Carnival served its Answer and Affirmative Defenses. Carnival amended its Answer and Affirmative Defenses the next day. Again, Carnival did not include a defense regarding forum non conveniens. Discovery followed. The trial court noticed the case for trial five times. On March 4, 2008, the trial court transferred the case to the Asbestos Division. Section IV of the Omnibus Order, applicable to asbestos personal injury cases, provides that all cases “shall have attached when served upon Defendants a properly completed Forum Non Conve-niens Fact Sheet.” In addition, the order states that a forum non conveniens motion can be heard anytime up to sixty days prior to trial. Caraffa did not comply with the fact sheet requirement.
 

 On November 12, 2008, Carnival filed and served another Motion to Dismiss. Carnival raised the issue of forum non conveniens, arguing that the case was more conveniently litigated in Italy. Ca-
 
 *129
 
 raffa promptly moved to strike the motion, arguing that the motion was untimely according to Florida Rule of Civil Procedure 1.061(g), and that the time limit is strictly enforced. Caraffa also argued that: i) Carnival’s Motion was untimely and contradictory to Kinney
 
 [1]
 
 because an overwhelming amount of time and resources were spent litigating this case for well over three years; ii) the majority of the witnesses are located in Nicaragua, not Italy, and that Nicaragua is significantly closer to Miami than Italy; iii) Carnival had substantial economic and commercial contacts, including its base of operations in Miami, Florida; and iv) Caraffa is a seafarer, who has long been treated as a ward of the court.
 

 The trial court heard argument on Carnival’s Motion to Dismiss on May 20, 2009. During oral argument, Carnival asked for the first time for the court to deem the motion as timely filed based upon excusable neglect. The trial court ultimately granted Carnival’s motion to dismiss for forum non conveniens.
 

 Analysis
 

 An order in which the trial court grants a motion to dismiss based on forum non conveniens is subject to an abuse of discretion standard of review.
 
 See
 
 Fla. R. Civ. P. 1.061 (“Orders granting or denying dismissal for forum non conveniens are subject to appellate review under an abuse-of-discretion standard.”).
 
 See also Kinney,
 
 674 So.2d at 93-94.
 

 Although the trial court discussed the factors set forth in
 
 Kinney
 
 in its order of dismissal, as called for in forum non conve-niens cases, it failed to address the untimely argument and enforce the plain language of Florida Rule of Civil Procedure 1.061(g), under which Carnival was required to serve its motion to dismiss for forum non conveniens “no later than 60 days after service of process on the moving party.” The Florida Supreme Court stated in
 
 Kinney
 
 that “courts shall not order dismissal if doing so would actually undermine the interests that forum non conveniens seeks to preserve.”
 
 Kinney,
 
 674 So.2d at 93.
 

 These include avoiding a waste or resources (including resources already expended), avoiding forcing a plaintiff into a forum where a statute of limitation may have expired, or other similar problems. For example, we believe it would be contrary to the doctrine to order dismissal where the parties ... have substantially completed discovery or are now ready for a Florida trial.
 

 Id.
 
 at 93-94.
 

 In
 
 Wedge Hotel Management (Bahamas), Ltd. v. Meier,
 
 868 So.2d 552, 553 (Fla. 3d DCA 2004), this Court affirmed the denial of a motion to dismiss for forum non conveniens. We declined to address the merits of the motion because the “motion was untimely under the plain language of rule 1.061(g).
 
 Id.
 
 at 552.
 
 See also Costa Crociere, S.P.A. v. Escobar,
 
 934 So.2d 510, 511 (Fla. 3d DCA 2005) (declining to address the merits because the motion was untimely filed);
 
 Dawson Ins., Inc. v. Quantum Capital Network, LLC,
 
 923 So.2d 1194, 1195 (Fla. 3d DCA 2006) (affirming the denial of a motion to dismiss because it was “untimely served beyond the sixty day period” as rule 1.061(g) requires. “By the plain language of rule 1.061(g), ‘a motion to dismiss based on forum non conveniens shall be served no later than 60 days after service of process on the moving party.’ The Rule provides no exception. As in
 
 Wedge,
 
 the purpose of the motion is ‘to promote the public interests that the doctrine of forum non conve-
 
 *130
 
 niens seeks to preserve, which includes avoiding a waste or resources’ and the filing of unnecessary successive motions.”).
 

 Carnival served its motion to dismiss over one thousand days after service of process, well beyond the sixty-day time limitation period set forth in rule 1.061(g). Untimely served motions to dismiss for forum non conveniens should be denied, but particularly so when the parties have expended significant resources.
 
 Kinney
 
 makes it abundantly clear that trial courts shall not order dismissal where doing so would undermine the interest forum non conveniens seeks to preserve.
 
 Id.
 
 at 93-94. The underlying lawsuit was ongoing for more than three years before the trial court ruled on the motion to dismiss. During this time, the parties conducted discovery and certainly expended amounts of time and resources in the process. There is simply no justification for the immense delay.
 

 Furthermore, Carnival failed to preserve the issue of forum non conveniens, and it is thus estopped from raising the issue at a later juncture. Waiver is the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.
 
 See Major League Baseball v. Morsani,
 
 790 So.2d 1071, 1077 n. 12 (Fla.2001). Carnival’s conduct is consistent with the voluntary and intentional relinquishment of its right to file a motion to dismiss based on forum non conveniens.
 

 We acknowledge that Carnival included a forum non conveniens argument in its first motion to dismiss which it filed following service of process. Carnival, however, declined to contest jurisdiction shortly thereafter. In its response to requests for production, Carnival declared that it was “not moving to dismiss based on the doctrine of forum non conveniens.” In addition, Carnival did not raise the issue after Caraffa amended her complaint. In its Answer and Affirmative Defenses, Carnival did not include a forum non conveniens defense. Once a plaintiff files an amended complaint, the defendant is required to plead all defenses it seeks to assert. Prior pleadings are superceded by the amendment.
 
 See Geer v. Jacobsen, 880
 
 So.2d 717, 720 (Fla. 2d DCA 2004) (holding that a notice and motion does not carry over as a response to the amended complaint);
 
 Abrams v. Paul,
 
 453 So.2d 826, 827 (Fla. 1st DCA 1984) (stating that an answer to the original complaint does not carry over as a response to the amended complaint). Carnival thus abandoned the issue of forum non conveniens.
 

 Neither do we agree with Carnival that the trial court adopted Carnival’s forum non conveniens argument by implication when the court ultimately dismissed the action. The eleventh hour ore tenus motion for enlargement of time based on excusable neglect was patently absurd. We cannot interpret the trial court’s silence as an adoption of such a ludicrous argument. Carnival took inconsistent positions upon which Caraffa relied. Carnival initially represented that it would not move to dismiss based on forum non con-veniens. Carnival then took the entirely inconsistent position when it later raised the issue.
 

 Conclusion
 

 In accordance with the sixty-day time limitation period set forth in Florida Rule of Civil Procedure 1.061(g), and well established Florida law that is consistent with the Florida Supreme Court’s pronouncements in
 
 Kinney,
 
 we conclude that Carnival untimely raised its motion to dismiss based on forum non conveniens. Accordingly, the trial court abused its discretion
 
 *131
 
 when it dismissed the action. We therefore reverse the order of dismissal, and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 [1]
 

 .
 
 Kinney Sys., Inc. v. Continental Ins. Co.,
 
 674 So.2d 86 (Fla.1996).