# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-52
Lower Tribunal No. 14-19321

————————————

**Marion Tomislav Topic,**
Appellant,

vs.

**Tamar Verduga Topic,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

A.J. Barranco & Associates, P.A., and A.J. Barranco, Jr. and Melissa Acosta Rodriguez; Holland & Knight, LLP, and Rodolfo Sorondo, Jr. and Rebecca M. Plasencia, for appellant.

Coffey Burlington, and Albert G. Caruana; Greene Smith, P.A., and Cynthia L. Greene, for appellee.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

LAGOA, J.

Appellant Marion Tomislav Topic (the "Husband") appeals from the trial court's non-final order denying as untimely his motion to dismiss on the grounds of forum non conveniens. Because we find that the Husband's motion to dismiss was not timely filed in accordance with Florida Rule of Civil Procedure 1.061(g), we affirm.

I.      **<u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

This interlocutory appeal arises from a dissolution of marriage action between the Husband and Appellee Tamar Verduga Topic (the "Wife"). Both Husband and Wife are citizens of Ecuador, and were married on December 16, 1991, during a business trip to Miami. The newlyweds returned to Ecuador and throughout their marriage, the couple lived and worked in Ecuador. In early 2013, the Husband abandoned the marital home in Ecuador.[1]

On August 10, 2014, the Husband notified the Wife in writing that he was seeking "dissolution of the community property." The Husband did not and could not file a divorce action in Ecuador because, at the time, there was a three year waiting period before a person who left the marital home could seek a divorce. Shortly thereafter, the Wife flew to Miami and, on August 12, 2014, she filed a Petition for Support Unconnected with Dissolution of Marriage, pursuant to section 61.09, Florida Statutes (2014).[2]

---

[1] While record evidence does not indicate the exact date, the Husband testified in his deposition that he left the marital home at the end of February 2013.

2

On August 13, 2014, the Husband was personally served in Florida. On September 24, 2014, the Husband, by special appearance, filed a motion to dismiss the Wife's petition for lack of subject matter jurisdiction, lack of personal jurisdiction, and for "failure to file a maintenable action under Florida law." In support of his motion, the Husband filed a memorandum of law and sworn affidavit. On February 20, 2015, the Husband filed an Amended Motion to Dismiss.

On July 1, 2015, the Wife amended her petition for maintenance under section 61.09 in order to seek a dissolution of the marriage. On July 20, 2015, the Husband filed a motion to strike service of process and another motion to dismiss, raising for the first time the defense of forum non conveniens. On October 14, 2016, the Husband filed an amended motion to dismiss on the grounds of priority and comity and in the alternative to abate or stay the proceedings. While various scheduling and procedural issues delayed the case, the Husband's various motions

---

[2] Section 61.09, Florida Statutes (2014), provides:

> If a person having the ability to contribute to the maintenance of his or her spouse and support of his or her minor child fails to do so, the spouse who is not receiving support may apply to the court for alimony and for support for the child without seeking dissolution of marriage, and the court shall enter an order as it deems just and proper.

to dismiss were eventually scheduled for an evidentiary hearing to commence on December 5, 2016.[3]

On the first day of the evidentiary hearing, the Husband withdrew all his motions to dismiss noticed for the evidentiary hearing except for his motion to dismiss based on forum non conveniens, and he proceeded solely on that motion.[4] In opposition to that motion to dismiss, the Wife argued that the Husband's forum non conveniens motion was untimely. Specifically, the Wife argued that Florida Rule of Civil Procedure 1.061(g) requires that "[a] motion to dismiss based on forum non conveniens **shall** be served not later than 60 days after service of process on the moving party." (emphasis added).

Initially, the trial court denied the Wife's timeliness challenge and proceeded forward with the evidentiary hearing. On the third and final day of the

---

[3] The Husband's Second Re-Notice of Hearing listed on an attached Exhibit "A" the following pending motions for the special set three day hearing commencing on December 5, 2016: (1) 9/24/14 Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Lack of Personal Jurisdiction, and for Failure to File a Maintainable Action Under Florida Law; (2) 2/20/15 Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to File a Maintainable Action Under Florida Law; (3) 07/20/15 Motion to Strike Service of Process and to Dismiss Wife's Petition for Dissolution of Marriage and Other Relief; (4) 10/20/15 Motion to Strike Service of Process and to Dismiss Wife's Petition for Dissolution of Marriage and Other Relief; and (5) 10/30/15 Amended Motion to Strike Service of Process and to Dismiss Wife's Petition for Dissolution of Marriage and Other Relief.

[4] As the trial court acknowledged in its written order, the Husband conceded the trial court's jurisdiction over the subject matter and the Husband's person.

4

evidentiary hearing, the trial court reconsidered the Wife's timeliness challenge.[5] In its written order, the trial court denied the Husband's motion to dismiss as untimely because it was not raised within 60 days of service of process of the Wife's original section 61.09 petition. In addressing the untimeliness argument, the trial court found that "[i]t is undisputed that personal service of process of Wife's August 12, 2014 Petition for Alimony Unconnected to Divorce was made on Husband on August 13, 2014, in Miami-Dade County, Florida, while he was voluntarily in Florida looking at colleges with the parties' son. It is undisputed that the first time Husband raised forum non conveniens as a defense was on July 20, 2015, in his 'Motion to Strike Service of Process and to Dismiss Petitioner/Wife's Petition for Dissolution of Marriage.'" This appeal follows.

## II.    STANDARD OF REVIEW

We review a trial court's denial of a motion to dismiss based on forum non conveniens under an abuse of discretion standard. See Fla. R. Civ. P. 1.061(a) ("The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion."); see also Ryder System, Inc. v. Davis, 997 So. 2d 1133, 1134 (Fla. 3d DCA 2008). "This standard of review would apply so long as the prevailing party complied with the

---

[5] At the conclusion of the Husband's evidence, the Wife moved for involuntary dismissal of the Husband's motion based on untimeliness, which the trial court treated as a renewal of the Wife's defense of untimeliness.

requirements delineated in Florida Rule of Civil Procedure 1.061, which codifies the forum non conveniens doctrine. Where the question concerns a trial court's interpretation of the Florida Rules of Civil Procedure, however, that question is one of pure law and is reviewed de novo." S2 Global, Inc. v. Tactical Operational Support Services, LLC, 119 So. 3d 1280, 1282 (Fla. 4th DCA 2013); see also Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006).

## III. ANALYSIS

The law is well established that where a motion to dismiss based on forum non conveniens is untimely, the motion is time-barred and must be denied. See Caraffa v. Carnival Corp., 34 So. 3d 127, 130-31 (Fla. 3d DCA 2010) (reversing trial court's dismissal based on forum non conveniens when the motion was untimely "[in] accordance with the sixty-day time limitation period set forth in Florida Rule of Civil Procedure 1.061(g), and well established Florida law that is consistent with the Florida Supreme Court's pronouncements in Kinney"); Fox v. Union Carbide Corp., 910 So. 2d 422, 424 (Fla. 4th DCA 2005) (reversing trial court's order granting motion to dismiss based on forum non conveniens because motion was untimely filed); Wedge Hotel Mgmt. (Bahamas), Ltd. v. Meier, 868 So. 2d 552, 553 (Fla. 3d DCA 2004).

In Dawson Insurance, Inc. v. Quantum Capital Network, LLC., 923 So. 2d 1194 (Fla. 3d DCA 2006), this Court affirmed the trial court's denial of a motion

6

to dismiss for forum non conveniens as untimely. In affirming, this Court concluded that:

> By the plain language of Rule 1.061(g), 'a *motion* to dismiss based on forum non conveniens *shall* be served no later than 60 days after service of process on the moving party.' [e.s.] The Rule provides no exception. As in <u>Wedge</u>, the purpose of the motion is 'to promote the public interests that the doctrine of forum non conveniens seeks to preserve, which includes avoiding a waste of resources' and the filing of unnecessary successive motions.

<u>Id</u>. at 1195 (emphasis in original) (citing <u>Wedge Hotel</u>, 868 So. 2d at 552-53).

Here, it is undisputed that the Wife served the Husband with her section 61.09 Petition for Support Unconnected with Dissolution on August 13, 2014, and that the Husband first raised the defense of forum non conveniens on July 20, 2015. Because the Husband served his motion to dismiss based on forum non conveniens more than 60 days after service of process on him, the Husband's motion was untimely under the plain language of Rule 1.061(g).

On appeal, the Husband argues that Rule 1.061(g)'s sixty day timeframe does not apply because a forum non conveniens defense was not available to challenge the Wife's maintenance action brought under section 61.09.[6] In making

---

[6] The Husband also argued below that the Wife's amendment was a separate transaction or occurrence, which required service of process and therefore started a new sixty day period running. In dismissing this argument, the trial court relied on <u>Gilbert v. Gilbert</u>, 187 So. 2d 49 (Fla. 3d DCA 1966). In <u>Gilbert</u>, this Court held that a separate maintenance action could properly be amended with a complaint for divorce because both causes of action were based on the same specific conduct.

this argument, the Husband blurs the distinction between venue and forum non conveniens. Citing Friedman v. Friedman, 383 So. 2d 1100 (Fla. 3d DCA 1980), the Husband correctly points out that, for the purposes of a petition for separate maintenance brought under section 61.09, venue is proper in the county where the petitioner resides, which in this case is Miami-Dade. The Husband then argues that if a motion to transfer venue would have been improper as directed to the initial petition, a motion to dismiss based on forum non conveniens would also have been improper. The Husband provides no authority to support this argument. Instead, the Husband merely contends that he would have been subject to sanctions if had he challenged the Wife's initial petition on forum non conveniens grounds.

We find the Husband's argument without merit. The fact that a challenge to venue may be unavailable is not dispositive of whether a fourm non conveniens challenge is available. Indeed, the Husband's various motions to dismiss the initial petition based on lack of personal and subject matter jurisdiction raised many of the same arguments relevant in a forum non conveniens challenge, including the parties' minimal contacts with Miami, the adequacy of Ecuador as a forum (including the legal remedies available there),[7] the considerable burden on

---

Id. at 52; see also §§ 65.04 ("Grounds for divorce") and 65.09 ("Rights of wife unconnected with divorce"), Fla. Stat. (1965). We find Gilbert dispositive on this issue. Moreover, as the Husband withdrew all his pending motions before the trial court at the start of the evidentiary hearing with the exception of the motion to dismiss based on forum non conveniens, the Husband has waived any arguments based on service of process.

8

the Husband to litigate in Miami, and the allegation that the Wife has "subversively forum-shopped."  At no point was the Husband subject, as a matter of law, to sanctions for filing these earlier motions to dismiss.

Moreover, venue and forum non conveniens are not the same.  Venue is "[t]he proper or a possible place for a lawsuit to proceed, [usually] because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." Venue, Black's Law Dictionary (10th ed. 2014). In contrast, forum non conveniens is a broader concept that addresses "the problem that arises when a local court technically has jurisdiction over a suit but the cause of action may be fairly and more conveniently litigated elsewhere." Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So. 2d 86, 87 (Fla. 1996).  In other words, the doctrine of forum non conveniens may be invoked where venue is proper but inconvenient. Indeed, "[t]he doctrine of forum non conveniens permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum."  Pierre-Louis v. Newvac Corp., 584 F.3d 1052, 1056 (11th Cir. 2009); see also Sibaja v. Dow Chemical Co., 757 F.2d 1215, 1218 (11th Cir. 1985) ("The doctrine of forum non conveniens authorizes a trial court to

---

[7] The Husband's expert, Dr. Sonia Merlyn Sacoto, testified to the availability of an action in Ecuador similar to the Wife's separate maintenance action—an action for "voluntary consignment of alimony."

9

decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum."); Bruce J. Berman, <u>Florida Civil Procedure</u> § 1.061:13 (2017) ("[B]y definition, forum non conveniens cases present circumstances in which venue is proper, albeit inconvenient.").

The Husband filed multiple motions to dismiss the initial petition, which asserted many of the the same points raised in his subsequent motion to dismiss based on forum non conveniens. Although the Husband correctly notes that he did not have a valid basis to challenge venue of the initial petition, the doctrine of forum non conveniens permits a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum. As such, nothing precluded the Husband from timely asserting the defense of forum non conveniens pursuant to Florida Rule of Civil Procedure 1.061(g).[8]

_____

[8] Significantly, we note that the trial court found that the testimony of the Husband's expert, Dr. Sonia Merlyn Sacoto, was "contrary" to the Husband's argument that the defense of forum non conveniens was not available to him as a defense to the Wife's section 61.09 petition. In its written order, the trial court further cited <u>Wachsmuth v. Wachsmuth</u>, 528 So. 2d 1201 (Fla. 4th DCA 1988). In <u>Wachsmuth</u>, the wife, a German national, brought a petition under section 61.09 for alimony and child support unconnected to dissolution. After being served, the husband, a German national, raised forum non conveniens as a defense, which the

While the Husband would like this Court to create an exception to the clear and unambiguous language of Rule 1.061(g), we decline the invitation as "[t]he Rule provides no exception." <u>Dawson</u>, 923 So. 2d at 1195. If we were to adopt the Husband's argument, then no litigant could raise a forum non conveniens challenge when venue was proper. This is contrary to Rule 1.061(g) and to established case law distinguishing between venue and forum non conveniens.

## IV.   <u>CONCLUSION</u>

"The doctrine of forum non conveniens permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum." <u>Pierre-Louis</u>, 584 F.3d at 1056. Florida Rule of Civil Procedure 1.061(g) mandates that a motion to dismiss based on forum non conveniens shall be served no later than sixty days after service of process on the moving party. The Husband failed to file a motion to dismiss based on forum non conveniens within the required time frame, and we therefore affirm the trial court's order.

Affirmed.

---

trial court denied.

11