DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL ERNEST VARCHETTI,**
Appellant,

v.

**JULIE ANNE VARCHETTI,**
Appellee.

No. 4D20-582

[August 26, 2020]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312019DR000482.

A. Julia Graves of the Law Office of A. Julia Graves, P.A., Vero Beach, for appellant.

Craig Marc Rappel of Rappel Health Law Group, PL, Vero Beach, for appellee.

PER CURIAM.

Paul Ernest Varchetti ("Husband") appeals a non-final order denying as untimely his motion to change venue on the grounds of forum non conveniens. Because we find that the time limit provided in Florida Rule of Civil Procedure 1.061(g) does not apply, we reverse.

The parties moved from Michigan to Florida with their two minor children in 2018. Appellee Julie Anne Varchetti ("Wife") filed for divorce in the proceeding below in 2019. Husband moved to change venue to Michigan pursuant to section 61.520, Florida Statutes (2019), Florida's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), arguing that Florida is an inconvenient forum.

At the hearing on the motion, Husband argued that he would be calling thirty-six witnesses to testify at trial, including seven expert witnesses, and that all the witnesses reside outside of Florida. Husband presented affidavits from experts regarding their costs and the inconvenience of travel to Florida. Wife did not present any evidence or refute any of

Husband's claims.  Her sole argument was that Husband's motion should be dismissed pursuant to rule 1.061(g) because it was filed more than sixty days after Husband was served with process.  She cited *Topic v. Topic*, 221 So. 3d 746 (Fla. 3d DCA 2017) and *Fox v. Union Carbide Corp.*, 910 So. 2d 422 (Fla. 4th DCA 2005).

The trial court denied Husband's motion based on *Topic* and *Fox* and noted that "[b]y the plain language of Rule 1.061(g), a motion to dismiss based upon forum non conveniens *must be served no later than 60 days* after service on the moving party.  The Rule provides *no* exception." (emphases in original).

"A trial court's ruling on whether a forum is inconvenient is discretionary" and subject to an abuse of discretion standard of review. *Steckler v. Steckler*, 921 So. 2d 740, 744 (Fla. 5th DCA 2006) (citing *McDaniel v. Burton*, 748 So. 2d 1072, 1075 (Fla. 4th DCA 1999)).  "To the extent the circuit court's decision was based on a construction of the rules at issue, our review is de novo."  *Lesinski v. S. Fla. Water Mgmt. Dist.*, 226 So. 3d 964, 966 (Fla. 4th DCA 2017) (citing *Chemrock Corp. v. Tampa Elec. Co.*, 71 So. 3d 786, 790 (Fla. 2011)).

Husband argues that the trial court erred as a matter of law because rule 1.061(g) does not apply to family law cases; therefore, the sixty-day time limit is inapplicable.

In 2017, the Florida Supreme Court amended the Florida Family Law Rules of Procedure to create a "stand-alone" set of rules for family law proceedings.  *See In re Amendments to Fla. Family Law Rules of Procedure*, 214 So. 3d 400, 400 (Fla. 2017).  The supreme court noted that when the Family Law Rules were first adopted in 1995, the Family Law Rules Committee had initially proposed a "stand-alone" version.  *Id.*  The Florida Bar Board of Governors thought "that the Family Law Rules should reference the [Rules of Civil Procedure] where necessary rather than" act as a "stand-alone" set of rules.  *Id.*  In 1995, the supreme court agreed with the Board of Governors.  *Id.*

Then in 2017, the Family Law Rules Committee, this time with the support of the Board of Governors, submitted proposed amendments to create a "stand-alone" version of the Family Law Rules.  *Id.* at 400–01.  "Given the developments in the practice of marital and family law, the benefit to pro se litigants, and the Board's support for the proposals," the supreme court agreed "that consideration of a stand-alone set of rules for family law cases is warranted."  *Id.* at 401.  The supreme court concluded that "[u]pon consideration of the report, the Committee's proposals, the

2

comments, and the Committee's response thereto, we adopt the proposed rule amendments creating a stand-alone set of Family Law Rules of Procedure, with several modifications." *Id.*

The "stand-alone" nature of the amended Family Law Rules is evidenced by the removal of references to the Rules of Civil Procedure. In addition to removing references to the Rules of Civil Procedure, the 2017 amendments added in stand-alone procedures for pleadings, motions, and captions. *See id.* at 407–14.

Accordingly, Florida Rule of Civil Procedure 1.061(g) no longer provides a time limit for motions to dismiss for forum non conveniens in family law cases.

The cases relied upon by the trial court are inapplicable. *Fox* was an action regarding asbestos-related illnesses. *Fox*, 910 So. 2d at 422. *Topic* was a family law case, but the 2017 amendments to the Family Law Rules did not apply. The husband in *Topic* moved to dismiss for forum non conveniens in 2016. *Topic*, 221 So. 3d at 749. The 2017 amendments only apply to family law cases as of March 16, 2017. "Any action taken in a family law case before March 16, 2017, that conformed to the then-effective rules or statutes governing family law cases, will be regarded as valid during the pendency of the litigation." Fla. Fam. L. R. P. 12.005.

On appeal, Wife relies on cases citing section 47.122, Florida Statutes, but section 47.122 is inapplicable. Section 47.122 governs changes of venue for convenience *within* Florida. *See* § 47.122, Fla. Stat. (2019); *Am. Suzuki Motor Corp. v. Friese*, 956 So. 2d 495, 496–97 (Fla. 4th DCA 2007). Husband's motion was filed pursuant to section 61.520 of the UCCJEA, which provides for a Florida trial court to decline jurisdiction in favor of *another state* when "it determines that [the Florida court] is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." § 61.520(1), Fla. Stat. (2019). Wife cites rule 12.140(b)(3), which requires that a defense based on improper venue must be made by motion before filing an answer. Fla. Fam. L. R. P. 12.140(b)(3). Wife also cites rule 12.060, which controls transfers of venue *within* Florida if the action is filed in the "wrong venue." *See* Fla. Fam. L. R. P. 12.060. However, the Husband's argument is that the venue is inconvenient, not improper. "A motion to dismiss/transfer venue due to the impropriety of the plaintiff's venue selection is significantly different than a motion to transfer on *forum non conveniens* grounds." *Eggers v. Eggers*, 776 So. 2d 1096, 1098 (Fla. 5th DCA 2001).

Finally, although the trial court determined it has jurisdiction over the minor children under the UCCJEA, that does not preclude the court from finding that Michigan is a more convenient forum. § 61.520(3), Fla. Stat. (2019) ("If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper."); *M.A.C. v. M.D.H.*, 88 So. 3d 1050, 1055 (Fla. 2d DCA 2012) (reversing and remanding for the trial court to consider the factors listed in section 61.520(2)(a)–(h) before deciding to exercise jurisdiction under the UCCJEA).

As discussed above, Florida Rule of Civil Procedure 1.061(g) does not apply to motions to change venue on the grounds of forum non conveniens in family law cases. The Family Law Rules do not contain any time limit for raising the issue of inconvenient forum under the UCCJEA. The UCCJEA provides:

> A court of this state which has jurisdiction under this part to make a child custody determination may decline to exercise its jurisdiction *at any time* if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.

§ 61.520(1), Fla. Stat. (emphasis added). "The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court." *Id.* Accordingly, we reverse and remand for the trial court to rule on the merits of Husband's motion.

*Reversed and remanded.*

LEVINE, C.J., CONNER and GERBER, J., concur.

\* \* \*

**_Not final until disposition of timely filed motion for rehearing._**

4