# Third District Court of Appeal
## State of Florida

Opinion filed March 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1156
Lower Tribunal No. 21-2196
_____

**Lee Memorial Health System, etc., et al.,**
Appellants,

vs.

**Ignacio Martinez, etc.,**
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Wicker, Smith, O'Hara, McCoy & Ford, P.A., and Michael R. D'Lugo (Orlando), for appellants.

Harris Appeals, P.A., and Andrew A. Harris, and Grace Mackey Streicher (Palm Beach Gardens); Rubenstein Law, and Michael A. Petruccelli, for appellee.

Before SCALES, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellants (Defendants below) Lee Memorial Health System d/b/a Lee Health; Florida Radiology Consultants, P.A.; and medical doctors Gregory Michaels, Heidi Lewis, and Geoffrey Negin appeal from two non-final orders denying their motions to transfer venue to Lee County.[1]  Because the home venue statute applies to Lee Health and all the alleged negligence by the other named Defendants occurred in Lee County, we reverse and remand with instructions to transfer the case to Lee County.

## I.      BACKGROUND

Appellee Ignacio Martinez ("Mr. Martinez") filed the underlying medical negligence and wrongful death action on behalf of his deceased nineteen-year-old son, Endrik Martinez Sorribes.  According to the Complaint, at all material times, Mr. Martinez was a resident of Lee County.  The Complaint also acknowledges that Lee Health is a hospital system located in Lee County.  Beginning in January 2019, Endrik started experiencing headaches and blurred vision.  Over the next several months, Endrik received medical treatment at Lee Health.  Endrik's treatments at Lee Health included several brain MRI scans, which were conducted and interpreted by radiologists Michaels, Lewis, and Negin, all employees of Florida Radiology Consultants.

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A), which authorizes appellate review of non-final orders that concern venue.

Importantly, all the alleged medical treatment in the Complaint by the named Defendants occurred in Lee County.

Endrik was discharged from Lee Memorial in June 2019. According to the Complaint, Doctor John Dusseau, the Lee Memorial neurosurgeon who treated Endrik, knew that Endrik was going to seek further treatment at Baptist Hospital of Miami.[2] Following his discharge from Lee Memorial, Endrik drove to Baptist Hospital, where he was admitted as an inpatient. While at Baptist Hospital, it was discovered that Endrik had a possible brain tumor. On June 6, 2019, a few days after being admitted to Baptist Hospital, Endrik became unresponsive and was in respiratory distress. He was declared clinically brain dead on June 20, 2019, with his actual date of death occurring on June 23, 2019.

Mr. Martinez, individually and as the personal representative of Endrik's Estate, filed the underlying action in Miami-Dade County against Lee Memorial; Florida Radiology Consultants; and Doctors Michaels, Lewis, and Negin. Although all medical treatment by the named Defendants occurred in Lee County, the Complaint alleges venue is proper in Miami-Dade County because that is where Endrik's death occurred.

---

[2] Neither Baptist Hospital nor its doctors are named defendants below.

3

In response to the Complaint, Lee Health filed a motion to transfer venue to Lee County based on the home venue privilege. More specifically, Lee Health argued that as a political subdivision of Florida, venue for any civil action, absent waiver or exception, lies only in Lee County, where Lee Health maintains its headquarters.

Florida Radiology and its three radiologists (collectively the "Florida Radiology Defendants") filed separate motions to dismiss for improper venue or, alternatively, to transfer venue to Lee County.[3] The Florida Radiology Defendants argued that under the applicable Florida venue statutes, sections 47.011 and 47.051, Lee County is the only proper venue as it is the county where all three doctors reside (and the county where Florida Radiology is based). Moreover, Lee County is where the cause of action accrued because it is where all medical treatment by the Florida Radiology Defendants occurred.

In opposition to the motions to transfer venue, Mr. Martinez argued that two exceptions to the home venue privilege applied: statutory waiver and the joint tortfeasor exception. Mr. Martinez also argued that the cause of action accrued in Miami-Dade County because that is where the injury and death

---

[3] Transfer is the more appropriate remedy for improper venue. See Gross v. Franklin, 387 So. 2d 1046, 1048 (Fla. 3d DCA 1980) ("Where the challenge is by a motion to dismiss, transfer is the more appropriate remedy.").

4

occurred. Following a hearing, the trial court entered two unelaborated orders denying the motions to transfer venue. The Defendants timely appealed.

## II. ANALYSIS

The issue before us is whether venue is proper in Miami-Dade County.[4] "While a trial court's discretionary decision to change venue is reviewable under an abuse of discretion standard, the issue of whether venue is proper in a particular forum is not a matter of judicial discretion." Mercury Ins. Co. of Fla. v. Jackson, 46 So. 3d 1129, 1130 (Fla. 1st DCA 2010). "[W]here there are no material facts in dispute and proper venue

---

[4] Many of the arguments raised below and on appeal conflate proper venue with forum non conveniens. "[V]enue and forum non conveniens are not the same." Topic v. Topic, 221 So. 3d 746, 751 (Fla. 3d DCA 2017). The issue here has to do with proper venue. That is, "[t]he proper or a possible place for a lawsuit to proceed, [usually] because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." Id. (alterations in original). Forum non conveniens, on the other hand, is invoked where venue is proper but inconvenient. Id. at 751-52 (citing Sibaja v. Dow Chemical Co., 757 F.2d 1215, 1218 (11th Cir. 1985) ("The doctrine of forum non conveniens authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum."); Bruce J. Berman, Florida Civil Procedure § 1.061:13 (2017) ("[B]y definition, forum non conveniens cases present circumstances in which venue is proper, albeit inconvenient.")).

5

turns on a question of law, we review such an order de novo." Huber v. Huber, 314 So. 3d 363, 365 (Fla. 3d DCA 2020).

With respect to Lee Health, which is a political subdivision of the State, venue is controlled by the home venue privilege. As for the Florida Radiology Defendants, venue is controlled by chapter 47, Florida Statutes (2021). Because the legal bases for venue differ depending on the Defendant in this case, we address the home venue privilege and the requirements of Florida's venue statutes separately.

### a. The Home Venue Privilege

Although venue in Florida is typically controlled by statute, a governmental defendant has a common law home venue privilege. See Sch. Bd. of Osceola Cnty. v. State Bd. of Educ., 903 So. 2d 963, 966 (Fla. 5th DCA 2005). "The home venue privilege provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters." Fla. Dept. of Child. & Fams. v. Sun-Sentinel, Inc., 865 So. 2d 1278, 1286 (Fla. 2004). A trial court does not have discretion in its application of the home venue privilege. Sch. Bd. of Osceola Cnty., 903 So. 2d at 966; see also Sun-

6

Sentinel, 865 So. 2d at 1288 ("[A] trial court must apply the home venue privilege unless one of the exceptions to the privilege is satisfied.").

"One exception exists in cases where the Legislature has by statute waived the privilege." Sun-Sentinel, 865 So. 2d at 1287. On appeal, Mr. Martinez argues that the Legislature waived the home venue privilege for tort actions when it amended section 768.28 in the 1980s. We disagree.

Section 768.28(1), Florida Statutes (2021), "waives sovereign immunity for liability for torts, but only to the extent specified in this act." There is no dispute that Lee Memorial can be sued in tort, and Lee Memorial is not asserting sovereign immunity. The issue on appeal has to do with *where* Lee Memorial may be sued given the home venue privilege not *whether* Lee Memorial may be sued.

Mr. Martinez argues that the Legislature effectively waived the home venue privilege when it amended section 768.28(1) and added the following language: "Any such action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued." According to Mr. Martinez, this language allows a political subdivision of the State, like Lee Memorial, to be sued in the county where the tort action accrued.

7

However, a plain reading of this language does not evidence any intention to waive the common law home venue privilege. Indeed, this language is entirely consistent with the home venue privilege. The language does not state that a tort action may unconditionally be brought where the cause of action accrued. Instead, a tort action may be brought where the cause of action accrued *"if* the affected agency or subdivision has an office in such county for the transaction of its customary business[.]" See § 768.28(1), Fla. Stat. (2021) (emphasis added). Here, it is undisputed that Lee Health does not have an office in Miami-Dade County for the transaction of its customary business. Consequently, the language Mr. Martinez relies on in support of his statutory waiver argument is inapplicable.

### b. Where the Cause of Action Accrued

Under Florida's general venue statute, section 47.011, Florida Statutes (2021), "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." See also § 47.051 ("Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.").

8

Applicable here is the requirement that the action must be brought "where the cause of action accrued." In <u>Gaboury v. Flagler Hosp., Inc.</u>, 316 So. 2d 642 (Fla. 4th DCA 1975), the Fourth District addressed this requirement in the context of a wrongful death action. The court explained that a wrongful death action "should be tried in the same manner and be governed by the same general principles of practice as it would have been had the injured person not died and was suing to recover damages for the wrongful act." <u>Id.</u> at 644 (citing 22 Am. Jur. 2d <u>Death</u> § 189). With respect to venue, the court explained that "a cause of action is said to arise at the Place where the act creating the right to bring an action occurred, and when a tort is complete in a particular county, the cause of action is deemed to have accrued there so as to fix venue, notwithstanding that the plaintiff may have suffered damages, and even his greatest damage, in another county." <u>Id.</u>

Here, all the alleged negligent acts by the named Defendants occurred in Lee County. And no person or entity involved in the medical treatment at Baptist Hospital in Miami-Dade County has been named as a defendant. Consequently, Lee County is where the cause of action accrued. <u>See</u> <u>A-1 Truck Serv., Inc. v. Kivenas</u>, 371 So. 2d 495, 496 (Fla. 1st DCA 1979) (agreeing with the "well-reasoned opinion" in <u>Gaboury</u> that "the cause of

9

action accrues in (and venue lies in) the county where the negligent acts which caused the deaths were committed rather than the county in which death occurred."); see also Thomas D. Sawaya, 6 Fla. Prac., Personal Injury & Wrongful Death Actions § 18:1 (2021-2022 ed.) ("A cause of action for wrongful death accrues in the county where the negligent acts which caused the death were committed rather than the county in which death actually occurred." (citing Kivenas, 371 So. 2d 495 (Fla. 1st DCA 1979); Gaboury, 316 So. 2d 642 (Fla. 4th DCA 1975)).[5]

## III.  CONCLUSION

---

[5] As further explained in Sawaya, supra, § 18:1 n.13:

> [T]his is the same test (although stated in somewhat different terms) that the courts apply to most negligence and tort cases.  In [Tucker v. Fianson, 484 So. 2d 1370, 1371 (Fla. 3d DCA 1986)], the Court held that for purposes of venue, a cause of action based on a tort accrues: "where the last event necessary to make the defendant liable for the tort took place. The last event occurred when the harmful force, set in motion by the defendant's negligence, *first took effect* on the body or the property of the plaintiff. Thus, a claim for tort arose *where the harmful force first took effect*, or where the plaintiff suffered injury."

(Emphasis added) (citations omitted).  Here, the harmful force *first took effect* when Endrik allegedly received negligent medical treatment in Lee County.

As set forth above, pursuant to the home venue privilege, which applies in this case to Lee Health, venue is only proper in Lee County. Further, because all the alleged negligent acts by the remaining named Defendants occurred in Lee County, the cause of action accrued in Lee County. Accordingly, we reverse and remand with instructions to transfer the case to Lee County.

Reversed and remanded.